510 COMMONWEALTH v. CREW LEVICK CO., Appellant.

the assessment and on appeal the Court of Common Pleas of Philadelphia entered judgment on the case stated in favor of the plaintiff in the sum of $242.30, together with costs.   Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*David Wallerstein,* with him *Thomas M. Hyndman,* for appellant.

*Joseph L. Kun,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee.

PER CURIAM, February 19, 1917:

The judgment in this case is affirmed, on the following from the opinion of the learned court below directing it to be entered: "The license tax in suit has not been assessed upon sales made by a dealer in Pennsylvania to purchasers in foreign countries.   It is not a tax or burden upon foreign commerce and a regulation of foreign commerce, as appears from the cases referred to; and the question is controlled by the decisions in this State of Knisley v. Cotterel, 196 Pa. 614, and of the other Pennsylvania cases referred to since the date of that decision."

---

## Cox et al., Appellants, v. Dickson.

*Wills—Power of appointment—Exercise of power—Rule against perpetuities.*

1. In determining whether the exercise of a general power of appointment by will violates the rule against perpetuities, the gift made by the donee must be considered as having been made at the time of the creation of the power, not at the time of its exercise.

2. Testator devised certain real estate to his daughter for life with power to dispose of the remainder by will, and provided that if she should die intestate her children should take.   The daughter

died leaving a will wherein, after creating a life estate in such property, she devised a part of the remainder to her son for life and "on his death to such child or children of his as may then be living......and in the event of my said son leaving no child or children living at the time of his death, then I will and direct that the said property shall be divided among my nephews and nieces then living, per capita, share and share alike." The son, who survived his mother, was married but had no issue. On petition of the son who was in possession of the property an issue was framed to try title thereto; the nephews and nieces claimed an interest in such property contingent upon their surviving the son should he die without issue. The son contended that the appointment violated the rule against perpetuities and that he was the absolute donee of such property. *Held,* that the exercise of the power of appointment by the daughter must be read into the will of the original testator and so read it violates the rule against perpetuities and was invalid, and that the son was entitled to the property under the provision of the will of the original testator devising the property of the daughter to her children should she die intestate.

Argued Jan. 17, 1917. Appeal, No. 281, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., March T., 1916, No. 3531, on directed verdict for defendant in case of John L. Cox, Erskine H. Cox, Edward V. Cox, Martha Cox Bryant, Fanny Cox Clark, Julia Cox Taber, Edith Cox Page, Alice Cox Wood, Harry W. Hazard, and Ethel Hazard v. Arthur G. Dickson. Before BROWN, C. J., POTTER, STEWART and FRAZER. Affirmed.

Framed issue to try title to real estate upon petition of party in possession.

The facts appear from the following opinion by MARTIN, P. J.:

An issue was framed to settle the right and title of the parties to this suit in the property No. 901 Clinton street in the City of Philadelphia.

The facts presented to the jury were undisputed.

Erskine Hazard, the grandfather of defendant, died February 26, 1865. By the terms of his will, dated October 18, 1859, after giving an estate for life to his wife,

he directed that upon her death his property should be divided in equal shares among his children then living, the issue of a deceased child to take the parent's share; and that the shares to which his daughters would be entitled should be placed in trust, they to enjoy the income during life without liability to attachment by creditors, or subject to the control of any husband, "the principal to be disposed of by their wills."

Testator's wife died August 17, 1874. By an amicable partition among the devisees, the property 901 Clinton street was conveyed to the Philadelphia Trust Company as trustee of the estate devised to testator's daughter Fanny Hazard, who on June 6, 1867, married Samuel Dickson. Defendant is a son of Fanny Hazard Dickson, and was born November 17, 1873.

Fanny Hazard Dickson died August 17, 1913, leaving a will in which she exercised the power of appointment vested in her by the will of her father, Erskine Hazard, and after giving her estate which included the property 901 Clinton street to her husband Samuel Dickson for life, devised to her son, Arthur G. Dickson upon the death of his father, one-third of her estate absolutely, and the remaining two-thirds "for and during the term of his natural life, and on his death to such child or children of his as may then be living and the issue then living of any deceased child or children, such issue taking the same share as his, her or their parent or parents would have taken if living, and in the event of my said son leaving no child or children or the issue of deceased child or children living at the time of his death, then I will and direct that the said two-thirds of my said residuary estate shall be divided among my nephews and nieces then living per capita, share and share alike."

Arthur G. Dickson, the defendant, is married, but has no issue at the present time.

The plaintiffs, who are the nephews and nieces of Fanny Hazard Dickson, claim an interest in the two-thirds of the property 901 Clinton street, contingent

upon their surviving the defendant, should he die without issue.

At the trial a verdict was rendered in favor of defendant by direction of the presiding judge.

Plaintiffs move for judgment n. o. v., and claim that the devise contained in the will of Fanny Hazard Dickson is a valid exercise of the power of appointment given to her by the will of her father. Defendant claims that the appointment was invalid because it violates the rule against perpetuities, that the execution of the power by his mother is to be read into the will of his grandfather which created the power, that the contingent devise to nephews and nieces is void, no valid power has been exercised, and he is entitled to the entire estate in 901 Clinton street as the only child of his mother, under the provision of the will of Erskine Hazard devising the principal of the share of any of his children who died intestate to the children of such deceased child.

To determine whether the remoteness of this appointment made by Fanny Hazard Dickson is to be judged from the point of time of its exercise or from its creation by the will of Erskine Hazard, it must be ascertained whether the power conferred is general or special.

In re Powell's Trusts, 39 L. J. Chancery 188, it was held that a general power to be exercised at death does not constitute ownership, and that in such case the rule of perpetuities applies. This case has not been followed by the later English decisions. CHITTY, J., in Rous v. Jackson, L. R. 29 Chancery Div. 521, 526, said of it, "I think the Vice Chancellor in that case fell into error," and quoting from Lord St. Leonards' work on Powers, added, "A general power is, in regard to the estate which may be created by force of it, tantamount to a limitation, in fee, not merely because it enables the donee to limit a fee which a particular power may also do, but because it enables him to give the fee to whom he pleases; . . . . . . ." He draws no distinction between a power exercisable by deed or will or by will only, and it appears

to me to make no difference by what instrument the power is made exercisable. Lord St. Leonards also says: "Therefore, whatever estates may be created by a man seized in fee may equally be created under a general power of appointment; and the period for the commencement of the limitations in point of perpetuity, is the time of the execution of the power and not of the creation of it." Justice CHITTY also quoted Mr. Powell's note to Fearne's Executory Devises in favor of the contrary opinion, and in the result states that "there appears to be no solid principle upon which the distinction taken by Mr. Powell can be supported, because the question whether the limitations are good does not depend on the fact that the donee of the power has also the fee in default of an appointment, and that you can create the same estate and limitations under a general power of appointment as you can where you have the fee." He concludes by saying, "I think, therefore, there must be some error, some slip in the decision of James, V. C., in In re Powell's Trusts, and that the case was wrongly decided." Mr. Gray regards the principle of In re Powell's Trusts (supra) as correct, and refuses to accept the doctrine of the later English cases. He insists that where the donee has a general power of appointment, exercisable only by will, the validity of the gift made by the donee must be referred in point of time to the creation of the power, because the donee is not the owner and cannot appoint to himself, no appointment can be made until he dies (Gray on Perpetuities, 3d Ed., Par. 526-526c).

In Smith's App., 88 Pa. 492, testator gave a life estate to his daughter with a general power of appointment by will. She appointed her children, all of whom were living at the death of the original donor, and gave them general powers of appointment by will. It was held that the appointment must be read into the will of the first testator, and as he could not appoint to his daughter for life, with remainder to her children for life, with remainder over, as there might have been after-born grandchil-

dren, the appointment to them was within the prohibition.

While Smith's App. (supra) was overruled in Laurence's Est., 136 Pa. 354, and referred to in Whitman's Est., 248 Pa. 285, as wrong, there are quotations with approval from Gray on Perpetuities in the former case; and In re Powell's Trusts (supra), and Lewis on Perpetuities are cited to support the principle that a power to be exercised by will only, "is not commensurate with entire ownership; she could not appoint herself nor any other person to take in her lifetime. She had not the absolute control; and although the decisions are somewhat conflicting, and the question not free from doubt, the better opinion seems to be that the power must be regarded as special, and therefore the remoteness of the estate created by the appointment must be measured from the time of the erection of the power."

In Mifflin's App., 121 Pa. 205, 223, Mr. Justice GREEN quoted Gray on Perpetuities, stating that "there must be a person with a vested limited interest who has the immediate right to become the present absolute owner. Such is not the case when a life tenant has a power which he can exercise only by will."

Boyd's Est. (No. 1), 199 Pa. 487, a case appealed from the Orphans' Court of Philadelphia, was affirmed by the Supreme Court adopting the opinion of Judge PENROSE.

The question presented in this case by the same parties, was argued before, and decided by the Orphans' Court in banc. Judge LAMORELLE wrote the opinion deciding that the rule against perpetuities, which forbids the limiting of estates in such a way that the fee cannot be alienated during a period in excess of a life in being and twenty-one years thereafter, is violated by the limitations in the will of Fanny Hazard Dickson, who had only a special power; and the remoteness of the gifts she made must be determined by the will of her father, Erskine Hazard.

Although the English judges have repudiated In re

Opinion of Court below—Opinion of the Court. [256 Pa.

Powell's Trusts (supra), and regard an unlimited power to appoint by will as a general power, notwithstanding the donee has no right to dispose of the estate while living, and refer the remoteness in such case to the period when the power is exercised, and not to its creation, the opinions expressed by the justices of the Supreme Court of this State, manifest adherence to the principle of In re Powell's Trusts (supra), as approved in the original and succeeding editions of Gray on Perpetuities.

The motion for judgment in favor of plaintiff is refused.

Verdict for defendant by direction of the court and judgment thereon. Plaintiffs appealed.

*Errors assigned* were in directing verdict for defendant and in refusing plaintiffs' motion for judgment n. o. v.

*Thomas Raeburn White,* for appellants.

*Arthur G. Dickson,* for appellee.

PER CURIAM, February 19, 1917:

The judgment in this case is affirmed on the opinion of the court below, as written by its learned president judge, denying the plaintiffs' motion for judgment non obstante veredicto.

---

## Borough of Mount Union et al., Appellants, *v.* Mount Union Water Co.

*Public Service Commission—Appeals—Review by Superior Court —Act of July 26, 1913, P. L. 1374—Act of June 3, 1915, P. L. 779.*

1. Under the Public Service Commission Act of July 26, 1913, P. L. 1374, as amended by the Act of June 3, 1915, P. L. 779, the Superior Court is not required on appeal to fix and determine for itself the rate, charge, etc., that a public service company may exact. The inquiry on appeal is limited to the question as to