vania et al., the opinion in which is filed herewith. None of the other differences, appearing in this case, affect the reasoning or the conclusion there, and hence we need not refer to them.

The decree of the Superior Court is affirmed, and the appeal is dismissed at the cost of appellant.

---

## Crolius et al. *v.* Kramer, Appellant.

*Will—Power of appointment—Limited power—Exercise of power —Violation of rule against perpetuities — Vesting — Trust and trustees.*

1. Where a power created by will is a power to appoint by will, the terms of the will by which the power is exercised must be read into the will creating the power.

2. Where a son in the exercise of a power of appointment given to him by his father's will, limits an estate to his own children born after his father's death, so as to violate the rule against perpetuities, the exercise of the power is void as to such limitation.

3. Where a testator directs that his residuary estate shall be held in trust during the lifetime of his widow and children, and upon the decease of the survivor, the estate is to be divided into as many equal parts as he had children, such parts to be assigned and conveyed as directed by the last will of each of his children, and in default of appointment to the heirs of such children, a share of one of the children who dies in the lifetime of the other is immediately vested on the child's death, and not postponed until the death of the survivor.

Argued January 10, 1924. Appeal, No. 47, Jan. T., 1924, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1922, No. 10268, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Olive P. Crolius and Wilson Potter v. Edward Kramer. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit on contract of sale of interest in estate.

Rule for judgment for want of sufficient affidavit of defense.

FERGUSON, J., filed the following opinion:

Thomas Potter, Sr., died on September 29, 1878, having first made and published his last will and testament. By that will he provided that the income of his estate should be equally divided once in every three months among his children then living and the heirs and legal representatives of such as might then be deceased per stirpes. He further provided that his residuary estate should be kept intact during the lifetime of his wife and children, and upon the decease of the survivor of them he directed a division of his estate to be made into as many equal parts as he had children, the said parts to be assigned and conveyed as directed and appointed by the last will and testament of each of his said children. In default of such appointment the share was to be given to the heirs and legal representatives of the children so dying intestate.

Thomas Potter, Jr., one of the sons of Thomas Potter, Sr., died December 2, 1910, having made and published his last will and testament, containing a specific declaration of his intention to exercise the power of appointment conferred upon him by the will of his father. After certain bequests he gave the residue of his estate to his executors in trust to pay half the income therefrom to his wife for life, one-fourth to his son Wilson Potter and one-fourth to his daughter, now Olive P. Crolius. The will also contained a provision that upon the death of the wife her share of the income should be equally divided between the two children above named. The will further provided that the trust was to continue during the lifetime of the two children and after their deaths the income was to be paid to their children until the last child of each of the children of the testator arrived at the age of twenty-one years, when the principal was to be divided among the descendants of the son and daughter per stirpes, with cross remainders in case of the death of either the son or daughter without issue.

The trusts under the will of Thomas Potter, Sr., continue, two of the sons still surviving. Wilson Potter and Olive P. Crolius were born after the death of their grandfather, Thomas Potter, Sr.

Olive P. Crolius and Wilson Potter, the plaintiffs, here entered into a contract in writing to sell to the defendant a one-twentieth part or share of their undivided interest in the estate of Thomas Potter, Sr. This action is brought upon the contract to recover the purchase money, and an affidavit of defense has been filed which denies that plaintiffs have any estate which they are competent at present to convey. We have before us a rule for judgment for want of a sufficient affidavit of defense.

It is the contention of the plaintiffs that Thomas Potter, Jr., in the exercise of his power of appointment under the will of his father violated the rule against perpetuities, and therefore that share of his father's estate over which he had power of appointment vested in the beneficiaries under the will of his father who are designated to take in default of appointment. Attention is called to the fact that by the will of Thomas Potter, Sr., it is provided that in default of an appointment the share of Thomas Potter, Jr., should be conveyed to his heirs and legal representatives. It is urged that an invalid appointment is the same as none at all, and, therefore, the remainder has vested in the widow and the two children of Thomas Potter, Jr. In this contention we must concur. In order to ascertain whether or not the provisions under the will of Thomas Potter, Jr., violate the rule against perpetuities we must write the provisions of his will into that of his father, Thomas Potter, Sr. The result is the same as if Thomas Potter, Sr., had provided for a life estate for his wife and his son, Thomas Potter, Jr., with life estates in the two children of Thomas Potter, Jr. (who were not in being at the time of the death of their grandfather), and for twenty-one years after their deaths. This is a plain violation.

of the rule, since it is possible that the ultimate remainders may not begin during the life or lives in being and within twenty-one years thereafter.

The only question remaining is whether or not the vesting is to be postponed until the time of the death of the last of the children of Thomas Potter, Sr.   We see nothing in the will to justify us in so holding.   The law favors an early vesting, in the absence of a clear intent to the contrary, and there being nothing in the will to indicate an intention on the part of Thomas Potter, Sr., to postpone the vesting of the remainders until the death of his last child, and since the general scheme and dominant purpose shown by the will of Thomas Potter, Jr., was to tie up the estate beyond the time allowed by law, we are obliged to conclude that Olive P. Crolius and Wilson Potter are at present vested in absolute remainders and competent to make sale thereof.

It is therefore ordered that the rule for judgment be made absolute.

Defendant appealed.

*Error assigned,* was order, quoting rule, and referring to opinion and judgment by page of record.

*Alfred N. Keim,* with him *Carroll R. Williams,* for appellant, cited: Goddard's Est., 198 Pa. 454; Whitman's Est., 248 Pa. 285; Frasier v. Scranton Co., 249 Pa. 570.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee, cited: Smith's App., 88 Pa. 492; Lawrence's Est., 136 Pa. 354; Cox v. Dickson, 256 Pa. 510; Mifflin's App., 121 Pa. 205; Murphey's Est., 276 Pa. 498.

PER CURIAM, February 4, 1924:

The judgment in this case is affirmed on the opinion of the court below.