**WHITLOCK–ROSE v. McCAUGHN, Collector of Internal Revenue.**

Circuit Court of Appeals, Third Circuit.
August 2, 1927.

No. 3588.

1. **Internal revenue 8(9)—Whether power is "general," within statute relating to property passing under "general power" of appointment, depends, not on manner or exercise, but on absence of limitations respecting beneficiaries (Revenue Act 1918, § 402 [e], being Comp. St. § 6336¾c).**

Under Revenue Act 1918, § 402 (e), being Comp. St. § 6336¾c, providing that decedent's gross estate shall include "any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed" executed 'in contemplation of death, "general" power is one which may be exercised either by will or by deed, and need not include both, if donee is not restricted as to beneficiaries.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General; General 'Power.]

2. **Wills 692, 693(7)—Gift of property with testamentary power of appointment creates "general power," and conveys equivalent of fee.**

Gift of property with power of appointment under a will creates a "general power," and conveys estate in fee.

3. **Powers 26—In New Jersey, property over which donee has power of appointment by will is subject to donee's debts, power being "general power."**

Under New Jersey law, property over which donee is given power of appointment is subject to donee's debts, and the power is therefore a "general power."

4. **Internal revenue 8(9)—Testamentary power, authorizing donee to appoint by will any persons to take property, held taxable as "general" power (Revenue Act 1918, § 402 [e], being Comp. St. § 6336¾c).**

Where testator devised property to son for life, and thereafter to any person and for such uses and purposes as son should by his last will direct and appoint, power was "general," within Revenue Act 1918, § 402 (e), being Comp. St. § 6336¾c, and therefore taxable as part of deceased son's estate.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Elise Whitlock–Rose, executrix of Henry C. Whitlock, deceased, against Blakely D. McCaughn, Collector of Internal Revenue. Judgment for defendant (15 F. [2d] 591), and plaintiff brings error. Affirmed.

Shippen Lewis (of MacCoy, Evans, Hutchinson & Lewis), of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., of Washington, D. C. (A. W. Gregg and T. H. Lewis, Jr., both of Washington, D. C., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This was an action brought against the collector of internal revenue to recover a federal estate tax assessed and collected against the estate of Henry C. Whitlock, deceased, under the provisions of section 402 of the Revenue Act of 1918. 40 Stat. 1057 (Comp. St. § 6336¾c). A statement of claim was filed by the plaintiff for $441.03, the amount of the tax, with interest, to which an affidavit of defense was filed, raising questions of law in the nature of a demurrer. The court sustained the questions of law raised by the defendant, and entered judgment for him, and the plaintiff brought the case here on writ of error.

Friend Whitlock, father of Henry C. Whitlock, in his last will and testament devised to Henry the income from one-half of his residuary estate, during his natural life, and from and after his death he gave the principal of the one-half "for such uses and purposes, as my said son, Henry Cruskey Whitlock, by any last will and testament may direct, limit and appoint."

In his last will and testament, Henry C. Whitlock, devised his residuary estate, which included the estate held in trust for him under the last will and testament of his father, over which he had the power of appointment, to his niece, "Eliza Whitlock Rose, her heirs and assigns forever, in fee simple."

The executrix of the estate of Henry C. Whitlock, in making her return of the federal estate tax to the collector of internal revenue, included the property over which Henry exercised the power of appointment under the will of his father. She thereafter concluded that this property should not have been included in her return, because the power given to and exercised by Henry was not a "general power." She therefore demanded a return of the amount of the estate tax which she had paid on the property over which Henry had the power of appointment, and, when this was refused, she brought this suit.

Section 402 of the act provides:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(e) To the extent of any property pass-

ing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * * "

The question for determination is whether or not the property on which the tax was assessed and collected passed from Henry to Elise Whitlock Rose under a "general power of appointment." The plaintiff contends that, in order for a power to be general, it must not be limited either as to appointees or method of appointment. In other words, he says, the donee of the power must be able to convey the property to whomsoever he desires, either by will or deed, and since Henry could convey only by last "will and testament," and not by deed, the power was special or particular, and not general. Consequently, it is urged, the property did not pass under a "general power" of appointment, and so does not come within the provisions of the statute.

[1] What did Congress have in mind when it said that the gross estate of a decedent shall be determined by including the value at the time of his death of all property wheresoever situated, "to the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after his death"? The power which the Congress had in mind, and which it called "general," was a power which could be exercised by either *will or deed,* and did not have to include both. A decedent could select either method, by will or deed, by which a power could be exercised by a donee. Either method, if the donee of the power is not restricted as to appointees, complies with the statute, and the power is general.

This use of the term, "general power of appointment," is in harmony with general usage. A power is regarded as "general" when it is not restricted by the donor to particular objects or beneficiaries, though the method of exercising it may be restricted and limited to a testamentary paper. Tucker v. Alexander (C. C. A.) 15 F.(2d) 356; Hume v. Randall, 141 N. Y. 499, 503, 36 N. E. 402; Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385. "A general power of appointment by will enables the donee to devise the property of [to] any person who may have the capacity to take." Underhill on the Law of Wills.

[2,3] Property subject to a power of appointment under a will is a general power, and is equivalent to a fee. Lane v. Lane, 4 Pennewill (Del.) 368, 55 A. 184, 64 L. R. A. 849, 103 Am. St. Rep. 122; Bingham's Appeal, 64 Pa. 345; Pennsylvania Co., etc., v. Lederer (D. C.) 292 F. 629; Bullen v. State of Wisconsin, 240 U. S. 625, 36 S. Ct. 473, 60 L. Ed. 830. The law of New Jersey controls this case, and under New Jersey law property subject to power of appointment by will is subject to donee's debts, and is accordingly a general power. Crane v. Fidelity Union Trust Co. et al., 99 N. J. Eq. 164, 133 A. 205.

[4] The power created by the will of Friend Whitlock permitted Henry C. Whitlock to appoint "by any last will and testament" any person whomsoever he wished, and it was therefore a general power, and was subject to the tax.

The decree of the District Court is affirmed.