## BLACKBURNE et al. v. BROWN.

District Court, E. D. Pennsylvania. October 29, 1929.

No. 14500.

White, Parry, Schnader & Maris, of Philadelphia, Pa., for plaintiffs.

Calvin S. Boyer, U. S. Atty., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. This is an action at law to recover a portion of an inheritance tax paid under protest. It is now before the court upon an affidavit of defense in the nature of a demurrer. The question involved is whether or not certain property passing, at the death of the decedent, under a power of appointment exercised by the decedent in his will was properly included in the statutory gross estate of the decedent for tax purposes.

The power of appointment exercised by the decedent was created by the following provision of the will of his mother, Sarah S. Blackburne: "I give devise and bequeath the said share or one-third part of my Estate unto my daughters Emily L. Blackburne and Hannah S. Blackburne and the survivor of them *in trust* * * * to pay over the net income therefrom to him my said son John S. Blackburne for and during all the term of his natural life. * * * Upon the decease of my said son then to Hold the said share of my residuary Estate in further trust for the same uses and purposes and for such person or persons and for such Estate or Estates as my said son John S. Blackburne by any instrument of writing in the nature of a last Will and Testament under his hand and seal duly executed shall direct limit and appoint." It will be noted (1) that there is no restriction as to the persons or classes who may be appointed to take under the power, and (2) that the power is exercisable only by will.

In Fidelity-Philadelphia Trust Co., Executor of Coles, v. McCaughn, 34 F.(2d) 600, decided by the Circuit Court of Appeals for the Third Circuit August 29, 1929, it was held that Congress had the power to tax property passing under a general power of appointment exercised by the decedent by will without regard to whether such property by the law of its situs was part of the decedent's estate, and that Congress intended to and did exercise that power in section 402(e) of the Act of Feb. 24, 1919 (40 Stat. 1097). The instant case arises under section 302(f) of the Revenue Act of 1924 (26 USCA § 1094 note), which is the same as the corresponding section of the act of 1919, and is as follows: "Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * * (f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *"

The contention of the plaintiff in this case is that the property passing under the power of appointment which was exercised by the will of John S. Blackburne, the decedent, should not be included in his statutory gross estate, because the power was not a general power of appointment. He bases this contention upon the propositions that in determining whether a power is general or special the law of the situs of the property governs, and that under the law of Pennsylvania a power of appointment, no matter how broad its scope, if exercisable by will only, is a special power and not a general power.

To establish his point that a power if exercisable by will only is not a general power

of appointment in Pennsylvania, the plaintiff relies upon certain expressions of the Supreme Court of Pennsylvania occurring in a line of decisions dealing with the application of the rule against perpetuities to future estates created by the exercise of powers. The cases particularly referred to are Mifflins' Appeal, 121 Pa. 205, 15 A. 525, 1 L. R. A. 453, 6 Am. St. Rep. 781; Lawrence's Estate, 136 Pa. 354, 20 A. 521, 11 L. R. A. 85, 20 Am. St. Rep. 925; and Cox v. Dickson, 256 Pa. 510, 100 A. 947. In those cases the question was whether, in determining the remoteness of vesting of future estates created under powers, the starting point should be the time of the creation of the power by the original will or the time of its exercise by the second will in the chain. The considerations on which the solution of this question depends, as clearly brought out in the discussion of it in Gray on the Rule against Perpetuities, § 524, are that wherever a power of appointment is so broad that it amounts practically to absolute ownership, practical considerations require its exercise to be taken as a new starting point for fixing the period of remoteness of vesting allowed by the rule. The question really is not whether the power is a general or special one, but how general it is. If it is so broad that the donee can appoint to himself, then it is fully equivalent to ownership of the property; but if it is exercisable only by will, then of course the donee cannot invest himself with the fee and he has something a little less than the equivalent of full ownership.

Unfortunately, the Pennsylvania courts, in some of the decisions referred to, made use, quite unnecessarily, of the expressions upon which the plaintiff relies, and which are productive of confusion. Thus, in the opinion of the lower court in Cox v. Dickson, 256 Pa. 510, 100 A. 947, 948, which was affirmed and adopted by the Supreme Court in a per curiam decision, it was said: "To determine whether the remoteness of this appointment ° ° ° is to be judged from the point of time of its exercise or from its creation ° ° ° it must be ascertained whether the power conferred is general or special." But it was of no importance whether the power was general or special. The question was whether a power (which, as will be seen, had been classified both before and since by the Pennsylvania courts as a general power) was broad enough to amount to absolute ownership in applying the rule against perpetuities; and what the court in Cox v. Dickson decided, following the early English rule, later expressly repudiated by the English courts, was that a pow-

er exercisable by will only cannot be taken as the equivalent of absolute ownership in fixing a starting point to determine the remoteness of the final vesting. Reference to In re Powell's Trusts, 39 L. J. Chancery Div. 188, which was discussed and followed, will show that, so far as the question of whether the power was general or special was involved, the import of the decision was just the opposite of what the court in Cox v. Dickson took it to be. In In re Powell's Trusts the donee of the power, which was exercisable only by will, had not referred to it in her will, and the first question was whether her general residuary devise was an exercise of it. That depended on whether it came within the twenty-seventh section of the Wills Act (Stat. 1 Vict. c. 26), which referred to "a power to appoint in any manner," and the court held that it was within this enactment. The further holding was that, although general enough to come within this section of the Wills Act, it was, when the donee was a married woman, not sufficiently broad to amount to absolute ownership. In Rous v. Jackson, L. R. 29 Chancery Div. 521, the case which expressly overruled In re Powell's Trusts, the powers in both cases, though exercisable only by will, were referred to and discussed as "general powers." I think that the dictum in Cox v. Dickson on which the plaintiff relies is clearly erroneous, because the cases leave no doubt that a power may be properly classified as a general power without amounting to absolute ownership.

The truth is that the Pennsylvania courts have not assigned any very precise meaning to the term "general power of appointment." While, in the cases cited by the plaintiff, the court classified powers exercisable by will only as special or particular powers, on the other hand, in McCord's Estate, 276 Pa. 459, 463, 120 A. 413, 415, the court, referring to such a power, said, "Donees under *general powers* of testamentary appointment may dispose of the estate, subject to the power directly to their appointees," etc.; and in Kates' Estate, 282 Pa. 417, 419, 128 A. 97, in which the power was exercisable by will only, Mr. Justice Simpson begins his opinion, "The present testator had an estate of his own, and also a *general power of appointment* over a portion of the estate left by his father." If it were necessary to find in the law of Pennsylvania a definition of a general power of appointment, I would refer to Thompson v. Garwood, 3 Whart. (Pa.) 287, 31 Am. Dec. 502 (quoted in Fidelity-Philadelphia Trust Co. v. McCaughn, supra), in which a power exercisable by will only was expressly held to be a general power. The

court there said: "For it is to be observed, that this is a general power given by the will of Mrs. Ware to Mrs. Snowden, and not a particular or limited power. The estate is to go, in default of children, etc., of Mrs. Snowden, to such persons, and for such estate, and in such manner, as she should by will, etc., appoint."

But I do not think that the meaning which the courts of Pennsylvania have given to the expression "general power of appointment," whatever it may be, is binding upon this court in construing those words in an act of Congress imposing an inheritance tax. It must be clear from the foregoing discussion that the various senses in which this term has been used by the Pennsylvania courts fall far short of establishing a settled rule of property under which the applicability of the federal tax may be determined. Even if they did, as was pointed out in Rosenberger v. McCaughn (C. C. A.) 25 F.(2d) 699, the federal government is not limited in its selection of subjects for taxation by rules of state courts in respect to property within the state's jurisdiction. In determining what Congress meant by "general power of appointment," we must apply the ordinary rules of statutory construction, and I am satisfied that the general common-law meaning of this term includes powers exercisable by will only. In Fidelity-Philadelphia Trust Co., Executor of Coles, v. McCaughn, it was directly held that, where the persons or classes who may be appointed are otherwise unlimited, the fact that the donee cannot exercise it for his own benefit does not prevent it from being a general power, and the conclusion was that an unlimited power of disposal upon the donee's death is a general power within the meaning of the statute.

Beside the foregoing, I think that the question may be taken as practically closed for this circuit. In Whitlock-Rose v. McCaughn (C. C. A.) 21 F.(2d) 164, 165, the court, construing a similar provision of the Revenue Act of 1918, said, "A power is regarded as 'general' when it is not restricted by the donor to particular objects or beneficiaries, though the method of exercising it may be restricted and limited to a testamentary paper," citing a number of cases. True, the court later on said, "The law of New Jersey controls this case, and under New Jersey law property subject to power of appointment by will is subject to donee's debts, and is accordingly a general power." But in making the first statement above quoted the court was addressing itself to the question stated by it, "What did Congress have in mind? * * *" Even if it was intended

to hold that, by reason of a settled and established rule of property, the law of New Jersey governed the case, thus making the discussion as to the intent of Congress in using the expression dictum, it is still entitled to great weight in determining the question now before us.

The affidavit of defense is sustained, and judgment may be entered for the defendant.