BLACKBURNE et al. v. BROWN, Formerly Acting Collector of Internal Revenue.

No. 4328.

Circuit Court of Appeals, Third Circuit.

Sept. 4, 1930.

Merrell E. Clark, of New York City, for appellant.

Richard Eyre, of New York City, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

Thomas R. White, Albert B. Maris, and White, Parry, Schnader & Maris, all of Philadelphia, Pa., for appellant.

Calvin S. Boyer, U. S. Atty., and Mark Thatcher, Asst. U. S. Atty., both of Philadelphia, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Thomas H.

Lewis, Jr., and E. J. Dowd, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C.), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an action at law to recover $24,903.66, with interest, alleged to have been erroneously assessed and collected as federal estate tax under the Revenue Act of 1924. The defendant filed an affidavit of defense, raising the question of law that the facts set forth in the statement of claim are not sufficient to constitute a cause of action. The District Court [35 F.(2d) 963] held the defense sufficient and directed judgment to be entered for the defendant, whereupon the plaintiffs appealed to this court.

The facts, as alleged in the plaintiffs' statement of claim, are as follows: Sarah S. Blackburne, the mother of the decedent, died February 4, 1911, a resident of the state of Pennsylvania. By a codicil, dated December 7, 1904, to her will dated August 31, 1899, she created a trust fund of one-third of her residuary estate for the benefit of her son, John S. Blackburne, for his life, and provided that upon his death the trust fund should be held for such person or persons and for such estate or estates as her son, John S. Blackburne, by any instrument in writing in the nature of a last will and testament, under his hand and seal duly executed, should direct, limit, and appoint, and in default of appointment then to his two sisters.

The trust fund was held by the trustees under the will of Sarah S. Blackburne during the life of John S. Blackburne, and the income was paid to him currently. John S. Blackburne died on November 18, 1925, a resident of the state of Pennsylvania, leaving a will dated February 26, 1904, which was prior in date to his mother's codicil which gave him the power of appointment. Of course the will of John S. Blackburne did not exercise the power of appointment granted to him. Under the codicil to his mother's will the orphans' court of Philadelphia county and the Supreme Court of Pennsylvania on appeal (Blackburne's Estate, 290 Pa. 55, 138 A. 538) held that it operated as an exercise of the power under the Pennsylvania Wills Act of 1917 (P. L. 403 [20 P. S. § 181 et seq.]).

A tax of $24,936.18 was paid by the plaintiffs on the trust fund passing under the power of appointment, under protest, and their claim for refund was refused by the Commissioner of Internal Revenue, whereupon they brought this suit to recover the tax so paid, and the defendant filed an affidavit of defense thereto raising the above question of law.

The question to be determined here is whether certain property passing at the death of decedent, under power of appointment exercised by decedent in his will, was properly included in the statutory gross estate of decedent for tax purposes.

The Revenue Act of 1924 (chapter 234, 43 Stat. 253) provides, in part, as follows:

"Sec. 301(a) In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States: * * * (Here follow the rates).

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth; and * * *

"(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishments of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this act." 43 Stat. 303, 304 (26 USCA § 1092 note and § 1094 note).

The question involved here has been decided by this court in the case of Whitlock-Rose v. McCaughn (C. C. A.) 21 F.(2d) 164. In that case, Davis, Circuit Judge, delivering the opinion of the court on page 165, said:

"The power which the Congress had in mind, and which it called 'general,' was a power which could be exercised by either will or deed, and did not have to include both. A decedent could select either method, by

will or deed, by which a power could be exercised by a donee. Either method, if the donee of the power is not restricted as to appointees, complies with the statute, and the power is general.

"This use of the term, 'general power of appointment,' is in harmony with general usage. A power is regarded as 'general' when it is not restricted by the donor to particular objects or beneficiaries, though the method of exercising it may be restricted and limited to a testamentary paper. Tucker v. Alexander (C. C. A.) 15 F.(2d) 356; Hume v. Randall, 141 N. Y. 499, 503, 36 N. E. 402; Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385. 'A general power of appointment by will enables the donee to devise the property of (to) any person who may have the capacity to take.' Underhill on the Law of Wills."

In conclusion, the power of appointment in question exercised by decedent in his will was a general power of appointment within the meaning of section 302(f) of the Revenue Act of 1924, and the value of the property of the decedent which passed under his power of appointment was properly included in the gross estate for tax purposes.

After carefully examining the Pennsylvania decisions relating to the power of appointment, Judge Kirkpatrick concludes his opinion as follows [35 F.(2d) 963, 966]: "But I do not think that the meaning which the courts of Pennsylvania have given to the expression 'general power of appointment,' whatever it may be, is binding upon this court in construing those words in an act of Congress imposing an inheritance tax. It must be clear from the foregoing discussion that the various senses in which this term has been used by the Pennsylvania courts fall far short of establishing a settled rule of property under which the applicability of the federal tax may be determined. Even if they did, as was pointed out in Rosenberger v. McCaughn (C. C. A.) 25 F.(2d) 699, the federal government is not limited in its selection of subjects for taxation by rules of state courts in respect to property within the state's jurisdiction. In determining what Congress meant by 'general power of appointment,' we must apply the ordinary rules of statutory construction, and I am satisfied that general common-law meaning of this term includes powers exercisable by will only. In Fidelity-Philadelphia Trust Company, Executor of Coles,.v. McCaughn [(C. C. A.) 34 F.(2d) 600], it was directly held that, where the persons or classes who may be

appointed are otherwise unlimited, the fact that the donee cannot exercise it for his own benefit does not prevent it from being a general power, and the conclusion was that an unlimited power of disposal upon the donee's death is a general power within the meaning of the statute." ·

We concur with Judge Kirkpatrick's conclusions on the effect of the Pennsylvania decisions. .

The District Court below was therefore correct in sustaining the defendant's affidavit of defense, and its judgment is affirmed.