## THIRD NAT. BANK & TRUST CO. OF SPRINGFIELD et al. v. WHITE, Collector.

### No. 4471.

District Court, D. Massachusetts.

Dec. 19, 1930.

Wooden, Small & Mallary, of Springfield, Mass., for plaintiffs.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

This is an action to recover back an estate tax collected against the estate of Frederick Harris who died in February, 1926. The tax was assessed under the Revenue Act of 1924, § 302 (e) and (h), 26 USCA § 1094 note. The property on which the tax was assessed was entirely personal. It originally belonged to Mr. Harris, and in 1915 was transferred by him, through a third party, to himself and his wife as tenants by the entirety. The defendant has demurred to the declaration.

The present case is fully covered by Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, except for the fact that here the transfer was completed, not only before the passage of the statute imposing a tax, but before any statute taxing estates had been passed. The first federal estate tax was imposed by the statute of 1916 (39 Stat. 777), while Mr. Harris's conveyance was made in the preceding year. In the Tyler Case the tenancies by the entirety which were held taxable were created subsequent to the passage of the tax statute.

As an original question, it was very arguable that a tenancy by the entirety was a typical case in which an interest was "obliterated" (May v. Heiner, 281 U. S. 243, 50 S. Ct. 286, 74 L. Ed. 826, 62 A. L. R. 1244) by death instead of being passed along, and that such property could not be taxed as estate of the deceased tenant. But the Tyler Case repudiates this view, and holds that the death of one tenant by the entirety, operating as it does to free the property from his rights in it, is "the 'generating source' of important and definite accessions to the property rights of the other." (Sutherland J. at page 504 of 281 U. S., 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758), and that the value of such accessions is taxable as estate of the deceased tenant. That decision did not in the least depend upon the fact that the tenancies were established subsequent to the statute; it rests upon the characteristics of the estate which each tenant holds. For these reasons, which might be much elaborated, I find myself in agreement with the majority of the Board of Tax Appeals in Pennsylvania Company for Insurance v. Commissioner of Internal Revenue, decided November 3, 1930, that the Tyler Case applies regardless of the date when the tenancies were created.

In the present case the value of the entire property held in the tenancy was taxed. This was done in the Tyler Case, and I am of course bound by that decision. Aside from it I should certainly have supposed that the interest in the property which Mr. Harris irrevocably transferred to his wife in 1915, many years before his death and not in contemplation of it, then ceased to be part of his estate. "One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift inter vivos, equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute." Stone, J., in Reinecke v. Trust Co., 278 U. S. 339, at pages 347 and 348, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397. If Mr. Harris had conveyed the property, or even an undivided interest in it, to Mrs. Harris absolutely, the value of the portion so conveyed could not have been taxed. The conveyance which he actually made divested him of a half interest more completely than if the estate had been a tenancy in common. Thereafter he could not transfer any part of the property without

912

her assent. To say that, because the tenancy which he created was one by the entirety, it subtracted nothing from the value of what remained in him, is certainly not the fact. If the legal fiction that every tenant by the entirety owns the entire property be resorted to—it is repudiated in the opinion—it would seem to follow that the survivor's rights were not increased by the death which, in this view, merely "obliterated" a conflicting interest. However, as I have said, I am bound by the Tyler Case; and there must be judgment for the defendant.