**STRATTON et al. v. UNITED STATES.**
**No. 2514.**

Circuit Court of Appeals, First Circuit.
May 28, 1931.

G. Philip Wardner, of Boston, Mass., for appellants.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

Marian A. Sargent died on February 16, 1924, and her will was duly probated in Suffolk county, Mass. The Commissioner of Internal Revenue assessed a tax on her estate, including therein property valued at $1,494,182.27, the income of which she had during life, under trusts established by her father, T. Jefferson Coolidge, containing general powers of appointment by her will over the principal of the trust property, with gifts over in default of such appointment. These powers she exercised by her will.

In a brief but cogent opinion by Judge Morton, the tax on the aggregate estate thus computed, was sustained. Her executors have appealed to this court.

The question arises under the following provisions of the Revenue Act of 1921, § 402 (42 Stat. 278):

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will," etc.

The decedent had the income of this property during her life, and full power to dispose of it after her death. Her exercise of her general powers of appointment subjected the property to her debts. Clapp v. Ingraham, 126 Mass. 200, and cases cited. These rights amounted, practically, almost to full ownership.

We are unable to adopt the contention of the plaintiff's learned counsel that, failing explicit statement of such intention, the statute does not apply to powers created before its passage. Plainly, until her death in February, 1924, the decedent possessed full power to leave the property by will to whomsoever she saw fit, or to permit the gifts over of her father to take effect. In Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 753, 44 L. Ed. 969, the Supreme Court said:

"It is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." She *transmitted* this property by her will and this *transmission* was taxable. Compare Fidelity-Phil. Trust Co. v. McCaughn (C. C. A.) 34 F.(2d) 600; Leser v. Burnet (C. C. A.) 46 F.(2d) 756.

The case falls under the reasoning of Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388, and Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. See, also, Lee v. Commissioner, 18 B. T. A. 251; Minis v. United States, 66 Ct. Cls. 58, certiorari denied 278 U. S. 657, 49 S. Ct. 186, 73 L. Ed. 566; Fidelity-Phil. Trust Co. v. McCaughn (C. C. A. 3d) 34 F.(2d) 600, certiorari denied 280 U. S. 602, 50 S. Ct. 85, 74 L. Ed. 647; Whitlock-Rose v. McCaughn (C. C. A. 3d) 21 F.(2d) 164; Blackburne v. Brown (C. C. A. 3d) 43 F.(2d) 320.

Whether overruled or modified or not, by the Chase Nat. Bank Case and the Reinecke Case, supra (see Heiner v. Grandin [C. C. A.] 44 F.[2d] 141), the decision in Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, is not in point. In that case it was held that insurance policies taken out before the passage of the act, in which the decedent retained the power to change at will the beneficiaries, were not taxable as a part of his estate. See also, Reinecke v. Northern Trust Co., 278 U. S. 339, at page 345, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; Saltonstall v. Saltonstall, 276 U. S. 260, 271, 48 S. Ct. 225, 72 L. Ed. 565.

The appellants' contention that, under the law of Massachusetts, the property passing under the decedent's exercised powers of appointment was no part of her estate, and therefore not taxable, while possibly logically sound, is not practically tenable. Compare United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. The federal power to tax is not thus limited. The decedent had, to repeat, not only the income during her life, but full power to dispose of it at her death. She actually transmitted the property by exercising the granted powers. Congress might tax such transmission. Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758. The fact that the decedent's appointees took, technically, from the donor of her power, is, for present purposes, immaterial. Compare Third Nat. Bank & Trust Co. v. White (D. C.) 45 F.(2d) 911.

Appellants' learned counsel also contends that, thus construed, the act was unconstitutional. We fail to see wherein this is so.

The judgment of the District Court is affirmed.