**PUTNAM v. BURNET, Commissioner of Internal Revenue.**

**No. 5592.**

Court of Appeals of District of Columbia.

Argued Dec. 8, 1932.

Decided Jan. 30, 1933.

Abbot P. Mills, of Washington, D. C., for appellant.

C. M. Charest, G. A. Youngquist, Sewall Key, and J. Louis Monarch, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

The question arising in this appeal is whether section 302 of the Revenue Act of 1924 (26 USCA § 1094 note) requires the inclusion in the gross estate of a decedent of the value of property acquired by the decedent and spouse as tenants by the entirety prior to September 8, 1916, and so held at the time of decedent's death. The section involved reads, in part, as follows:

Section 302. "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part

thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth.
* * *

"(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein whether made, created, arising, existing, exercised or relinquished before or after [the enactment of this act]."

It appears that William Lowell Putnam died July 26, 1924, a resident of Boston, Mass. On or about April 29, 1904, certain real estate in Boston was conveyed to the decedent and his wife as tenants by the entirety. This ownership continued unchanged until decedent's death in July, 1924. The Commissioner of Internal Revenue in computing the value of decedent's estate for federal estate tax purposes included therein the real estate aforesaid at its full value. The Board of Tax Appeals sustained this action of the Commissioner, and this appeal is brought to review the decision of the Board.

In Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, the Supreme Court held that property owned by husband and wife as tenants by the entirety, where the estate was created subsequent to the effective date of the taxing statute, is includable in the gross estate of the decedent spouse, for the purpose of computing the estate tax under the corresponding provisions of the Revenue Acts of 1916 and 1921 (39 Stat. 756; 42 Stat. 227).

In the present case, however, the tenancy was created prior to the enactment of the Revenue Act of 1916, and it is contended by appellant that the case does not come under the rule of the Tyler Case, and that section 302, supra, should not be construed so as to permit the inclusion of tenancies by the entirety created prior to that act in the gross estate of the decedent, and that the act if so construed would be unconstitutional.

This identical question was presented in the case of Third National Bank v. White, Collector, 45 F.(2d) 911, where it was held by the United States District Court that the value of the entire property held by decedent and spouse in tenancy by entirety was subject to estate tax, though transfer of the estate to them was completed in the year

1915, before the statute imposing the tax was enacted. In deciding the case the court said:

"The present case is fully covered by Tyler v. U. S., 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, except for the fact that here the transfer was completed, not only before the passage of the statute imposing a tax, but before any statute taxing estates had been passed. The first federal estate tax was imposed by the statute of 1916 (39 Stat. 777), while Mr. Harris' conveyance was made in the preceding year. In the Tyler Case the tenancies by the entirety which were held taxable were created subsequent to the passage of the tax statute.

"As an original question, it was very arguable that a tenancy by the entirety was a typical case in which an interest was 'obliterated' (May v. Heiner, 281 U. S. 243, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244) by death instead of being passed along, and that such property could not be taxed as estate of the deceased tenant. But the Tyler Case repudiates this view, and holds that the death of one tenant by the entirety, operating as it does to free the property from his rights in it, is 'the "generating source" of important and definite accessions to the property rights of the other' (Sutherland, J., at page 504 of 281 U. S., 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758), and that the value of such accessions is taxable as estate of the deceased tenant. That decision did not in the least depend upon the fact that the tenancies were established subsequent to the statute; it rests upon the characteristics of the estate which each tenant holds."

See, also, Gwinn v. Commissioner (C. C. A.) 54 F.(2d) 728.

The foregoing decision was affirmed by the Circuit Court of Appeals for the First Circuit on April 20, 1932, without written opinion. Third National Bank & Trust Co. v. White, 58 F.(2d) 1085. On December 19, 1932, the Supreme Court, per curiam, affirmed the same (53 S. Ct. 290, 77 L. Ed. ——) upon the authority of Tyler v. United States, 281 U. S. 497, 504, 505, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758; and Gwinn v. Commissioner, 287 U. S. 224, 53 S. Ct. 157, 77 L. Ed. ——.

It is beyond question that the judgment of the Supreme Court just referred to conclusively requires the affirmance of the decision of the board of Tax Appeals in the present case. The decision is accordingly affirmed.