## WEAR et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5046.

Circuit Court of Appeals, Third Circuit.

May 26, 1933.

Claude C. Smith and Duane, Morris & Heckscher, all of Philadelphia, Pa., for petitioners.

J. P. Jackson and Sewall Key, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

William Potter, the decedent, was donee of a general power of appointment under the will of his father. He exercised the power in his own will by giving the property to his two daughters who, had he omitted to exercise it, would have taken the property under the will of their grandfather, the donor, and the decedent's estate would to that extent have escaped a federal tax. As the decedent did, as a matter of fact, exercise the power, the Commissioner of Internal Revenue imposed upon his estate a tax measured by the value of the property passing under

the power, on authority of section 302 of the Revenue Act of 1926, 44 Stat. 9 (26 USCA § 1094). This provision, in laying down a basis for a taxable net estate, prescribed that the gross estate should be determined by including the value, at the time of the decedent's death, of real and personal property "* * * (f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will. * * *" On appeal to the United States Board of Tax Appeals that tribunal held the value of the property was properly included in computing gross estate and the additional estate tax was lawfully determined. The executors of the decedent have filed this petition for review.

The petitioners admit the power in question was a general power of appointment. They deny, however, that the donee ever "exercised" it. They take this stand not against the admitted fact that the donee did actually and expressly exercise the power but on the ground that it was legally an abortive act in that it neither produced a new effect nor changed the legal status of the appointees in respect to the property from what it was before. To this contention we briefly answer that the donee exercised the power. Whether it was without legal effect, In Matter of Lansing, 182 N. Y. 238, 74 N. E. 882, and therefore lifted the estate out of the taxing act and left it under Pennsylvania law, turns on another question which the petitioners state as follows:

"Did the property over which the decedent had a general power of appointment pass under the general power of appointment?"

That question is predicated on the law of Pennsylvania that, "If the donee of the power exercise it in such a manner that the property passes exactly as it would have passed if the power had not been exercised, the property will be treated as passing under the will of the donor." 26 R. C. L. 189; Freeman's Estate, No. 1, 35 Pa. Super. Ct. 185; Crolius v. Kramer, 279 Pa. 275, 123 A. 808; Potter's Estate, 13 Pa. Dist. R. 667. If the question as framed by the petitioners states the whole point of the case there is nothing to discuss, for it is indubitably settled in Pennsylvania law as a matter of title that where there is identity of the donee's appointee and the donor's contingent beneficiary title passes from the donor of the power.

The real question, as we venture to put it, is whether the exercise of a general power of appointment is a lawful subject of federal taxation, to be measured by the value of property which under state law passes, as in this case, not from the decedent donee of the power but from the donor.

The answer depends very much on how the question is approached. If we were dealing with a state rule of property, this federal court would, of course, be bound by it. But we are dealing with a right of the federal government to levy a tax on a particular subject—the exercise of a power of appointment. Matters of federal taxation, though controlled exclusively by federal legislation, Burnet v. Harmel, 287 U. S. 103, 110, 53 S. Ct. 74, 77 L. Ed. 199, are sometimes perplexing because of the difficulty in applying provisions of a federal taxing act to a subject which states under their own laws regard differently. To laws of the states the Congress can yield, and in some instances, such as in allowing deductions, has yielded. Except when expressly and voluntarily giving way to state laws, the Congress, not permitting its hand to be stayed, may, within the constitution, reach out and levy federal taxes on such subjects as it may select, Lang v. Commissioner, 53 S. Ct. 534, 77 L. Ed. ——, however they may be regarded at home.

The subject of the tax in this case is the exercise of a general power of appointment. The tax is not on the property of the power but is on the exercise of the power itself. In many states a general power of appointment, following the English rule, is regarded as an estate equivalent to out-and-out ownership of the property, or an ownership at least to the extent of subjecting it to liability for the donee's debts, and of course subjecting it to taxation, Chanler v. Kelsey, 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882; Lederer v. Pearce (C. C. A.) 266 F. 497, 18 A. L. R. 1446; Fidelity-Philadelphia Trust Co. v. McCaughn (C. C. A.) 34 F.(2d) 600, 602; Rosenberger v. McCaughn (C. C. A.) 25 F.(2d) 699, 700; Id., 278 U. S. 604, 49 S. Ct. 10, 73 L. Ed. 532. In Pennsylvania and in some other American jurisdictions, the rule is just the opposite. Such being the diversity of rules, we are not concerned with a question whether one is right and the other wrong, but with an altogether different question, whether a federal taxing act is to be put into effect in one jurisdiction and not in another according to the different ways in which the subject of the tax is looked upon.

We do not believe the Congress intended, by the quoted provision of the act, that the estate tax in respect to the exercise of a

general power of appointment should be imposed and collected at the will of the states or upon the accident of the citizenship of the taxpayer. Rather do we think it intended the tax should be laid, not on property and therefore not to be bound by a state rule of property, but on an event arising upon the death of the donee, that is, the exercise of a power of appointment effective on his death. The estate tax being a death tax, rests "upon the principle that death is the 'generating source' from which the authority to impose such taxes takes its being and 'it is the power to transmit or the transmission or receipt of property by death which is the subject levied upon by all death duties.' Knowlton v. Moore, 178 U. S. 41, 56, 57, 20 S. Ct. 747, 754, 44 L. Ed. 969." Tyler v. United States, 281 U. S. 497, 502, 503, 50 S. Ct. 356, 358, 74 L. Ed. 991, 69 A. L. R. 758.

"The question here, then, is, not whether there has been, in the strict sense of that word, a 'transfer' [or a 'passing'] of the property by the death of the decedent, or a receipt of it by right of succession [or by a contingent right under the donor's will], but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights." Tyler v. United States, 281 U. S. 497, 502, 503, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758; U. S. v. Provident Trust Co. (C. C. A.) 35 F.(2d) 339; Lang v. Commissioner, supra.

Recognizing this as the essence of such tax legislation as that here in question, the Supreme Court on another subparagraph of a like section of another revenue act openly disregarded the Maryland and Pennsylvania state rules of property in respect to tenancy by the entirety as not controlling on a question of taxation and sustained the federal tax as imposed not upon property but upon the transmission occasioned by death of one of the spouses. Tyler v. United States, supra; Lang v. Commissioner, supra.

■ And, further, the Congress has, in some situations, power to tax transmission of property effected by death even though by the law of the decedent's domicile such property is not part of his estate. Fidelity-Philadelphia Trust Co. v. McCaughn (C. C. A.) 34 F.(2d) 600, 602.

Of course we realize the petitioners will hasten to say there was in this case under the Pennsylvania rule no transmission on the donee's death because his daughters had received the property under the donor's will.

■ We have not been convinced that on the death of the donee nothing happened in respect to the property of the power and in respect to the daughters' right to the property by the exercise of the power. Before its exercise the daughters of the decedent, the twice named recipients, had under Pennsylvania law an estate in the property of the power. But it was a defeasible estate, not unlike the interest of a beneficiary in a policy of life insurance where the insured has reserved, yet has not exercised, the right to change the beneficiary. Their estate was liable to be wholly taken away from them by the exercise of the power in favor of others. So long as the donee lived and retained control over the disposition of the property the daughters ran that risk, which was akin to the risk of a change of beneficiaries in a policy of insurance. Not until the donee died did that risk disappear. Until then he stood in their way. Therefore it was upon his death without exercising the power adverse to them that the estate of the daughters became indefeasible. Death, with an exercise of the power in their favor, was the event that wrought the change. Then their estate, theretofore contingent upon the nonexercise of the power against them, became vested, like the interest of a beneficiary of a policy of life insurance becomes vested upon the death of the insured without exercising a reserved right to change the beneficiary, the value of which must, under the cases, be included in the gross estate of the insured for purposes of taxation. Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. The generating source of the change was the death of the donee without action adverse to them. That, too, was the generating source of the tax. And such a tax, we hold, the federal government, under its sovereign power to levy taxes, may lawfully impose upon the exercise of a power effecting such a change, to be determined by actual results thereby brought about rather than by consideration of rules which define and limit title of property, Tyler v. United States, 281 U. S. 497, 503, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, and to be measured (rather than determined) by the value of the property passing. Stratton v. United States (C. C. A.) 50 F.(2d) 48; Id., 284 U. S. 651, 52 S. Ct. 31, 76 L. Ed. 552; Lee v. Commissioner, 61 App. D. C. 33, 57 F.(2d) 399; Id., 286 U. S. 563, 52 S. Ct. 645, 76 L. Ed. 1295; Pennsyl-

668

vania Co., etc., v. Lederer (D. C.) 292 F. 629; Hancy, Executor, v. Commissioner, 17 B. T. A. 464.

The decision by the Orphans' Court in Potter's Estate, 13 Pa. Dist. & Co. R. 667 (concerning the same power) is not res judicata of this case. The parties were different; so also was the question. There the question was whether the daughters of William Potter took under the exercise of the power of appointment or under the will of the donor of the power. The court, merely declaring anew the old Pennsylvania rule, held that the will of the donor vested the remainder in the daughters subject to the right of the donee of the power to direct otherwise. The question of the right of the federal government to impose a tax on the exercise of the power was not submitted to the Orphans' Court. Had it been submitted, we gravely doubt that a court of its particular jurisdiction would have taken cognizance of such a federal question. The joinder of the collector as a party was a mere gesture toward the tax question in the offing. It gave not even a federal tinge to the decision and bound the federal government not at all.

The order of the Board of Tax Appeals is affirmed.