Statement.

### Richmond.

FREEMAN'S ADM'R v. BUTTERS & OTHERS.

March 18, 1897.

1. POWER OF APPOINTMENT—*Exercised in favor of volunteers.*—Where a person has a general power of appointment, and exercises it in favor of volunteers, the property becomes assets for the payment of the debts of the appointer, and, in the hands of such volunteers, is burdened with the appointer's debts, if necessary to resort to it for that purpose.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced June 9, 1894, in a suit in chancery, wherein the appellant and others were the complainants, and the appellees were the defendants.

*Reversed.*

This was a suit in chancery instituted by the complainants in the court below for the purpose of subjecting certain real estate to the payment of a bond executed by Maria L. Hurt, after the death of her husband. The bond was in the penal sum of $2,000, with condition for the payment of $1,000. The condition of the bond was in the following words and figures:

"The condition of the above obligation is such that whereas the said Maria L. Hurt hath contracted to secure to the said Anna J., Lucy H. and Elizabeth V. Settle payment of the sum of sixty dollars annually during the lifetime of her, the said Maria L., the first payment to be made on the 1st day of July, 1867; and further to secure the payment of one thousand dollars to said Settle at the death of her, the said Maria L., in the manner hereinafter provided for. Now, if the above bound Maria L. Hurt shall well and truly pay to

the said Anna J., Lucy H. and Elizabeth V. Settle (jointly)
the sum of sixty dollars annually during her lifetime as afore-
said, and shall secure the said sum of one thousand dollars to
be paid at her death by making the same a charge upon the
real estate held by her under the will of her husband, or any
devise thereof which she may make and shall die testate as to
said land so charged as aforesaid, then this obligation shall be
void, else remain in full force and virtue.''

Mrs. Hurt made no provision for the payment of this bond.
She acquired certain lands under the will of her husband for
the term of her widowhood, with power to appoint the fee.
She exercised this power in favor of volunteers, and this suit
was brought to subject the lands to the payment of her debts.

*J. C. Gibson*, for the appellant.

*Rixey & Barbour*, for the appellees.

KEITH, P., delivered the opinion of the court.

Freeman's adm'r filed his bill in the Circuit Court of Cul-
peper county, in which he shows that William Hurt died in
1851, leaving a will which was duly probated, by the second
clause of which he gives and devises to his wife, Maria Louisa
Hurt, the whole of his estate, real and personal, during her
widowhood, ''with full power and authority to dispose of the
same by her last will and testament in any manner she may
think proper.''

He further shows that his intestate is the assignee of a
bond executed by Maria L. Hurt for the sum of $1,000, bear-
ing six *per cent.* interest.

On the 4th of March, 1872, Mrs. Hurt, ''in consideration
of the high esteem she hath for the party of the second part,
and in the further consideration of the sum of $10, conveyed
to William H. Butters, of Chicago, Ill., 75 acres of the tract of
land devised to her by the will of her deceased husband.''

On the 18th of November, 1876, she conveyed to William H. Butters, trustee, in consideration of certain advances of money from time to time made from the said Butters and Susan E., his wife, and for the further consideration of $1.00, another parcel of land containing 130 acres, to hold on the following uses and trust, that is to say, to allow "the said Maria L. Hurt to take and receive the rents of the land during her natural life, to be applied to her support and maintenance as may be necessary, the balance to be used as she may think best, and after her death to hold the said tract of land for the sole and separate use of Susan E. Butters, the wife of William H. Butters, trustee." On the same day she conveyed to William H. Butters, trustee, for his wife, Susan E. Butters, and her heirs, another tract of land containing forty-three acres, the consideration being $1,000 in hand paid. On the 19th of February, 1878, she executed another deed in consideration of $5.00, by which she relinquished the interest in the rents and profits of the land reserved to herself in the deed of February 18, 1876, to William H. Butters, trustee for his wife; and on the 5th day of March, 1887, she executed a will which was duly probated in the County Court of Culpeper on March 19, 1888, by which she devises to Susan E. Butters, wife of William H. Butters, "the 142 acres of land conveyed to her by deed of bargain and sale." By other clauses of the will she makes sundry other devises and bequests. The several deeds and the will referred to are exhibited with the bill.

William H. and Susan E. Butters filed their answer and demurrer to this bill; and the guardian *ad litem* of the infant defendants also answered; and the cause coming on to be heard upon the demurrer and the answer of the guardian *ad litem*, and upon the demurrer of William H. Butters, Susan E. Butters, Alice, Lucy B. and Horace Finks it was adjudged and ordered that the demurrer be sustained, and the bill of complaint be dismissed with costs.

At a subsequent day the plaintiffs were allowed to file a bill of review, and the court set aside the decree dismissing the bill, and permitted the plaintiffs to file an amended bill. The object of the amendment was to implead the administrator of Maria L. Hurt, deceased, and to aver that she died possessed of personal estate liable to the payment of her debts but inadequate thereto, and that therefore the lands devised by her under the power given by the will of William Hurt, deceased, upon her exercise of that power, in favor of volunteers, became subject to the payment of her debts.

On the 9th of June, 1894, the cause was brought on again to be heard upon the papers formerly read, and the court, being of opinion that the real estate devised by the will of Maria L. Hurt to Susan E. Butters is not liable to the debts set up by the plaintiffs in the bill of complaint, ordered and decreed that the original and amended bill be dismissed as to Susan E. Butters and her children.

It is obvious that the Circuit Court in the final decree adhered to the opinion which it had already expressed, and dismissed the bill upon the demurrer. But even if this be not so it does not affect the case. It must be controlled by the construction to be placed upon the will of William Hurt, which conferred the power, and the will of Mrs. Hurt, by which that power was executed, for the averments in the answers of the defendants, so far as they seek to show the payment of a valuable consideration by Butters and wife for the lands conveyed to them, set up affirmative matter of which there is no proof. The case, therefore, will be considered as upon a demurrer to the bill.

The will of William Hurt gives to his widow the whole of his estate, real and personal, during her widowhood, with full power and authority to dispose of the same by her last will and testament in any manner she may think proper. This unlimited power of disposition by will thus conferred upon her, she executed in the prescribed mode in favor of

mere volunteers.    It further appears that she died insolvent, and that, unless her creditors are permitted to subject the property so appointed by her in favor of a volunteer, her debts must go unsatisfied.

In *Dold's Trustee* v. *Geiger's Adm'r*, 2 Gratt. at p. 102, Judge Stanard says: "A cardinal rule of legal ethics inculcates the duty of being just before being generous.    Donations, voluntary transfers, assignments or surrenders of rights even in favor of wife or children, by a debtor, which might have been used to provide for his debts, have, under the influence of this pervading rule of English law, been made to yield to the paramount claims of creditors.    Even where a debtor, having a general power to appoint property which he never owned, exercises that power in favor of volunteers, the property in the hands of such volunteers is burdened with the debts of the appointer, if it be necessary for the satisfaction of them.    This application of this rule shows it to be so searching that it reaches property which, though not owned by the debtor, he might have made his, but has voluntarily, without valuable consideration, made the property of others."

This passage enunciates a principle which is well established in our equity jurisprudence.    See Jeremy's Eq., p. 376; *Hauser* v. *King*, 76 Va. at p. 738; *Penn* v. *Guggenheimer*, Id. 854; *Holmes* v. *Coghill*, 12 Vesey 214; *Daubeny* v. *Cockburn*, 1 Merevail 638; *Harrington* v. *Hart*, 1 Cox's Ch. Cases 132.

Upon this subject Chief Justice Gray, in *Clapp* v. *Ingraham*, 126 Mass. at p. 203, says that the soundness of the reasoning on which the doctrine rests has been impugned by Chief Justice Gibson, of Pennsylvania, and by Mr. Justice Story in his Commentaries, though it is stated by Judge Story and Chancellor Kent as well settled law, but said he: "A doctrine so just and equitable in its operation, clearly established by the laws of England before our Revolution, and supported by such a weight of authority, cannot be set aside by a court of chancery because of doubts of the technical

soundness of the reasons on which it was originally established."

In *Brandies* v. *Cochran*, 112 U. S. at p. 352, Mr. Justice Matthews uses the following language: "It is indeed a rule well established in England, and recognized in this country, that where a person has a general power of appointment, either by deed or by will, and executes this power, the property appointed is deemed, in equity, part of his assets, and subject to the demands of his creditors, in preference to the claims of his voluntary appointees or legatees."

In 3 Williams on Executors (9th Eng. ed.), at p. 128, the law upon this subject is stated as follows: "Where a man has a general power of appointment over a fund, and he actually exercises his power, whether by deed or will, the property appointed shall form part of his assets, so as to be subject to the demands of his creditors at his death, in preference to the claims of his legatees or appointees. But, in order to raise this equity, the power must be actually executed; for equity never aids the non-execution of a power. And although creditors in these cases prevail over volunteers, yet if a party taking under voluntary appointment sell to a person *bona fide*, and for valuable consideration, such person, in analogy to the decisions on the statute of voluntary conveyances will be preferred to the creditors, as having a preferable equity to them."

In Leading Cases in Equity the principle under discussion is thus declared: "Whether it be real or personal estate which has been appointed so as to become assets for payment of the appointer's creditors, it will be only applicable in aid of the assets which are really his property. But if the appointee under a general power of appointment were to sell the property to a *bona fide* purchaser for valuable consideration, the purchaser, having a better equity, would be preferred to the creditors of the appointer, since they have no specific charge

upon the property.'' *Silk* v. *Prime,* 2 White & Tudor's Leading Cases in Eq., pt. 1, at p. 378. See also *Johnson* v. *Cushing*, 15 New Hampshire 298.

The authorities cited are sufficient to show that there was error in dismissing the plaintiff's bill.

We have considered this case as though it had been heard upon a demurrer to the bill, and we repeat that if it be doubtful that it was so heard, those averments of the answer which, if established, might justify the decree appealed from are affirmative in their character, and are unsupported by proof.

The decree must, therefore, be reversed, and the cause remanded to the Circuit Court to be there proceeded with in accordance with this opinion.

*Reversed.*