## LEE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5258.

Court of Appeals of the District of Columbia.

Argued Dec. 10, 1931.

Decided Feb. 8, 1932.

John E. Laskey and Leonard J. Ganse, both of Washington, D. C., for appellant.

Sewall Key, Hayner N. Larson, C. M. Charest, and Prew Savoy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal relates to a deficiency in the sum of $8,544.39, which the Commissioner of Internal Revenue determined to be due from the estate of Robert E. Lee, deceased. The Commissioner's determination was sustained upon appeal by the Board of Tax Appeals. 18 B. T. A. 251.

The question arises under the provisions of sections 401 and 402 (e) of the Revenue Act of 1921 (42 Stat. 227), imposing a transfer tax upon property passing under a general power of appointment exercised by a decedent by will.

The statutes in question read as follows:

"Sec. 401. That * * * a tax equal to the sum of the following percentages of the value of the net estate * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act. * * *

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will. * * * "

The property which passed under the power of appointment exercised in this case was originally part of the estate of General W. H.

F. Lee, a resident of Virginia, who died testate on October 15, 1891. The will of General Lee contained the following provision: "2. I bequeath all of my personal and real estate of every nature and kind and description, wheresoever situated, to my wife Mary Tabb Lee, during her life, and at her death, to be divided between my two sons, R. E. Lee, jr., and George Bolling Lee, provided they or their children are alive at the death of their mother. Should neither of my sons or their children be alive at their mother's death, without having devised the estate bequeathed to them, the said estate shall pass and descend to my heirs at law. But should either of my sons die prior to their mother leaving no issue of their body and without having devised the property given them by my will, the same shall descend to the survivor or to the children of the survivor of them."

The decedent, Robert E. Lee, one of the devisees named in the above devise, died testate, without living issue, on September 7, 1922. The second paragraph of his will reads as follows: "Second: Whereas my father, William H. F. Lee, died about thirty years ago, leaving his estate to my mother for and during her life, with the remainder in fee in said estate to myself and to my brother George Bolling Lee, I hereby devise and bequeath to my wife, Mary M. Lee, my interest in the estate so left by my father, until she remarries, or, should she not remarry, then during her lifetime, with the remainder after her remarriage or her death, as the case may be, to my said brother, George Bolling Lee."

Mary Tabb Lee, widow of W. H. F. Lee, survived her son, Robert E. Lee, and died on May 5, 1924.

George Bolling Lee thereupon filed a suit against Mary M. Lee in the circuit court of Fairfax county, Va., wherein he contended that the only interest Robert E. Lee had in the estate of W. H. F. Lee was contingent upon his surviving his mother, Mary Tabb Lee, and that, since he died prior to his mother, he had no right to devise any interest in either the realty or personalty of his father's estate. The court held against this contention and decreed that Mary M. Lee was entitled by the will of her deceased husband to an estate for her life or widowhood in the moiety of the property and estate of W. H. F. Lee devised by him to Robert E. Lee, with remainder in fee simple to George Bolling Lee, and that George Bolling Lee was entitled to the other moiety in the estate of W. H. F. Lee, in fee simple.

No appeal from this decree was taken, and the time in which an appeal could be taken has expired.

Accordingly it appears that Robert E. Lee was donee under his father's will of a power of appointment whereby, in event of his death without issue, during the lifetime of his mother, he was empowered to devise such interest by will as he might see fit; it appears also that he exercised this power by devising the property in question to his wife for her life or widowhood, with remainder to his brother George Bolling Lee.

The Commissioner of Internal Revenue held that this was a transfer of the property in question by Robert E. Lee by devise to Mary M. Lee and George Bolling Lee, "under a general power of appointment exercised by the decedent by will," and that the transfer was taxable under section 402 (e), supra.

██ The appellant contests this ruling, and contends, first, that the power of appointment invested in Robert E. Lee as donee under his father's will was not a "general power of appointment" such as the statute refers to, inasmuch as he was thereby restricted to the exercise of the power by will alone, whereas, appellant contends, a general power of appointment is one which may be exercised by deed or will.

This contention cannot be sustained, for the words of section 402 (e) plainly signify that a power of appointment which is otherwise general shall for the purposes of the enactment be considered as a "general power," notwithstanding that it is to be exercised by will alone. It would nullify the statute to hold otherwise. Moreover, according to the weight of authority, a power of appointment by will alone is "general," when, as in this case, it does not restrict the donee to the appointment of any particular person or class of persons, but leaves him free to appoint such beneficiaries as he may desire.

In Whitlock-Rose v. McCaughn, Collector (C. C. A.) 21 F.(2d) 164, 165, the court, when speaking of a similar provision in section 402 (e) of the Revenue Act of 1918, said: "The power which the Congress had in mind, and which it called 'general,' was a power which could be exercised by either will or deed, and did not have to include both. A decedent could select either method, by will or deed, by which a power could be exercised by a donee. Either method, if the donee of the power is not restricted as to appointees, complies with the statute, and the power is general." See Farwell on Powers (2d Ed.)

p. 7; Underhill on Law of Wills (1900 Ed.), vol. 2, pp. 1163, 1176; Chaplin on Express Trusts and Powers, p. 427; Tucker v. Alexander (C. C. A.) 15 F.(2d) 356; Hume v. Randall, 141 N. Y. 499, 503, 36 N. E. 402; Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385. We may add that the regulations of the Treasury Department for 1922, 1924, and 1925 have uniformly defined the term "general power of appointment" in accordance with this view.

It is next claimed by appellant that the devised property is situate in Virginia, and that the definition of the term "general power of appointment" should be determined by the laws and judicial decisions of that state, in which event, it is claimed, the term would not apply to the power herein involved. This claim, however, is foreclosed by the decision of the Circuit Court of Fairfax County, supra. See, also, Freeman's Adm'r v. Butters, 94 Va. 406, 26 S. E. 845.

█ Appellant also claims that the power of appointment exercised in this case was created by the will of W. H. F. Lee prior to the enactment of section 402 (e), and therefore its application herein is retroactive, unauthorized by the act, and amounts to a taking of property without due process of law.

This claim cannot be sustained. It is true that the present power of appointment was created before the enactment of the Revenue Act of 1921, but the power was exercised after that date. Hence the application of the statute in this case was not retroactive. "So long as the privilege of succession has not been fully exercised it may be reached by the tax." Saltonstall v. Saltonstall, 276 U. S. 260, 271, 48 S. Ct. 225, 72 L. Ed. 565. See Reinecke, Collector, v. Northern Trust Co., 278 U. S. 339, 345, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

█ Nor is such an application of section 402 (e) in violation of any provision of the Federal Constitution. The tax is not imposed upon property, but upon a transfer of property. Such provisions have been uniformly upheld as imposing a tax on the privilege of transferring the property of a decedent at death, measured by the value of the interest transferred or which ceases at death. Chase National Bank v. United States, 278 U. S. 327, 334, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388.

█ These conclusions similarly affect the exercise of the power of appointment by Robert E. Lee transferring in remainder the moiety of the estate of his father to his brother,

George Bolling Lee. It is argued that the tax should not apply to that transfer, inasmuch as without it the moiety would nevertheless have become the property of George Bolling Lee as devisee under his father's will. This view cannot be sustained. It is true that, if Robert E. Lee at the time of his decease had entirely omitted to exercise the power of which he was the donee, his brother, George Bolling Lee, would have held the moiety of the former by devise under the will of W. H. F. Lee. But, on the other hand, Robert E. Lee was entitled during his lifetime to appoint the moiety to any other person, and thus defeat the devise to George Bolling Lee. Therefore the exercise of this power by Robert E. Lee at least confirmed the title of his brother to the moiety in question. Chanler v. Kelsey, 205 U. S. 466, 27 S. Ct. 550, 51 L. Ed. 882.

"The question here, then, is, not whether there has been, in the strict sense of that word, a 'transfer' of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights." Tyler v. United States, 281 U. S. 497, 503, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758.

Accordingly, in this case the exercise by the donee, Robert E. Lee, of the power of appointment vested in him, was the "generating source" of the title of Mary M. Lee for her life or widowhood, and of George Bolling Lee in remainder, of the moiety held by the donee in the estate of W. H. F. Lee. Accordingly, the imposition of the transfer tax under section 402 (e) is affirmed.

Affirmed.