### GRINNELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 120.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

Bernhard Knollenberg, of New York City (Lord, Day & Lord, Allen E. Foster, and Harry J. Rudick, all of New York City, of counsel), for petitioner-appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent-appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question involved upon this appeal is whether a trust fund created by the will of John O. Stone, who died in 1876, a resident of New York, over which his daughter Annie Stone, who died September 24, 1927, had a power of appointment by will, should be included in her gross estate for the purpose of determining the federal estate tax.

The devolution of the property in question is governed by article fifth of the will of John O. Stone. Under that article the testator bequeathed his residuary estate to his executors in trust to divide the same into as many shares as he should leave children him surviving and to apply the income of each

share to the life use of the child for whom it was set apart. In disposing of the remainder interests, he provided that:

"Upon the death of my children respectively their respective share of my estate shall go and be applied to such persons, and such uses as they respectively may appoint by Last Will and Testament, and in default of such appointment their respective shares of my estate shall go and belong to their children or issue respectively, * * * and in default of such issue to their next of kin. * * * "

John O. Stone left him surviving his wife, Catherine C. Stone, who died many years before the death of Annie Stone, and his three daughters Annie Stone, Ellen J. Stone, and Sarah J. Grinnell, who were his only children, heirs at law, and next of kin. Annie Stone, the decedent, died unmarried, without issue, and left as her sole next of kin, her sisters, Ellen J. Stone and Sarah J. Grinnell. The value of the property left in trust for the life of Annie Stone under article fifth of her father's will, and over which she had the power of appointment at the time of her death, was $75,764.26. She died on September 24, 1927, a resident of the state of Connecticut, leaving a will which was admitted to probate January 4, 1928, in which she provided as follows:

"Fifth: · All the rest, residue and remainder of my estate both real and personal, of every kind and description and wheresoever situated including what property or money I am allowed to dispose of by will under the will of my dear father, the late Dr. John O. Stone, of the City of New York, I give, devise and bequeath in equal shares to my dear sisters Ellen J. Stone and Sarah J. Grinnell, the latter the wife of E. Morgan Grinnell, to have and to hold the same to them, their heirs, executors, administrators and assigns forever."

The property over which Annie Stone had a power of appointment was physically located in the state of New York, and at the time of her death, and prior thereto, the trustee thereof was a resident of that state.

In February, 1928, Ellen J. Stone and Sarah J. Grinnell executed an instrument of election whereby they renounced their right to receive their shares of the trust fund, theretofore held for the life of Annie Stone, under the fifth article of the will of their father, John O. Stone.

The Commissioner included in the gross estate of the decedent, Annie Stone, the value of the trust property at the time of her death over which she had assumed to exercise the power of appointment given her by her father's will, and accordingly found a tax deficiency against her estate of $9,628.78. Her executor petitioned the Board of Tax Appeals for a redetermination of the deficiency in the estate tax upon the estate of Annie Stone by excluding the value of the trust property from her gross estate. The Board affirmed the action of the Commissioner and fixed the deficiency at $9,628.78.

The effect of the bequest under the will of John O. Stone, who died a resident of New York, and of the attempted exercise of the power of appointment over the trust estate created thereby for the life use of his daughter Annie Stone, is determined by the law of New York. Restatement of the Law of Conflict of Laws, §§ 283, 307, and 328, American Law Institute.

Under the New York law, Ellen J. Stone and Sarah J. Grinnell, who were the next of kin of Annie Stone, had the right of election and might accept title either as appointees under the power which she attempted to exercise, or as remaindermen under the will of John O. Stone. As Judge Vann said in Matter of Lansing, 182 N. Y. 238, 245, 74 N. E. 882, 884, about a testamentary power exercised in favor of the same person who would take title if it had not been exercised:

"An appointee under a power has the right of election, the same as a grantee under a deed. 'It is essential to the legal operation of a deed that the grantee assents to receive it. It cannot be imposed upon him, and there can be no delivery without an acceptance.' Jackson v. Dunlap, 1 Johns. Cas. 114, 116, 1 Am. Dec. 100; Jackson v. Phipps, 12 Johns. 418. He can accept the title tendered or reject it, in his discretion. It cannot be forced upon him against his will. He cannot be compelled to receive additional evidence of title when he does not want it, and does not need it because his title is perfect without it. His consent is necessary before the attempt to exercise the power becomes binding upon him the same as consent is necessary in making a contract or agreement."

In Matter of Lansing, supra, the facts closely resembled those here. There the appointee chose to take under the original will and not under the exercise of the power, and the Court of Appeals held that the trust estate which passed to her was not subject to the New York transfer tax because the death of the original testator from whom the property arose was prior to the enactment of a

Transfer Tax Act and the property passed under his will and not by virtue of the exercise of the power. The court remarked at page 243 of 182 N. Y., 74 N. E. 882, 884:

"While the situation was subject to change under the power of appointment, no change was made. Although the power was exercised in form, her title was perfect without it, and she derived no benefit from it. The power was to 'dispose of the remainder,' and the remainder was not disposed of, but continued where it was.` The attempt to execute the power was not effective, because it did nothing. The exercise of a power which leaves everything as it was before is a mere form with no substance." Cf. Potter's Estate, 13 Pa. Dist. & Co. R. 667.

In the case at bar the next of kin of Annie Stone had executed an instrument of election in writing whereby they renounced their right to take under the power and elected to receive their share of the trust fund under the will of their father. They held a remainder interest in the capital of the trust estate which was alienable, devisable, and descendible under the New York law. It might have been divested and diverted to other persons by an effective exercise of the power, but was not. Matter of Lansing, supra, is precisely in point unless section 302 of the Revenue Act of 1926 (26 USCA § 1094) contains language which may differentiate it from the New York Transfer Tax Act (Consol. Laws, c. 60, § 220 et seq.) But we can discover nothing in the Revenue Act indicating that a fund appointed to the same persons who would take in remainder under the will of the donor, if the power were not exercised, is to be included in the estate of the person exercising the power or passes under the latter's will to appointees who are unwilling to accept the appointment.

Section 301 (a) of the Revenue Act of 1926 (26 USCA § 1092) imposed an estate tax upon the transfer of the net estate of every decedent dying after its enactment, and section 302 (f) of the act (26 USCA § 1094 (f) provided that, in valuing the gross estate, there should be included the value at the time of death of all property "passing under a general power of appointment exercised by the decedent (1) by will."

█ The trust estate here did not *pass* under the power of appointment for the reason that the appointees elected in writing to renounce their bequests under the will of Annie Stone and to take as remaindermen under their father's will, and for the further reason that, under the New York law, which governed the

passage of title: "The attempt to execute the power was not effective, because it did nothing. The exercise of a power which leaves everything as it was before is a mere form, with no substance." Matter of Lansing, 182 N. Y. 238, 243, 74 N. E. 882, 884.

In Wear v. Commissioner, 65 F. (2d) 665, the Court of Appeals of the Third Circuit held that property bequeathed under a general power of appointment to the same persons who would have taken in remainder, had the power not been exercised, for purposes of federal estate taxes, "passed" under the power and accordingly must, by section 302 of the Revenue Act of 1926, be included in the gross estate of the person exercising the power, and this, though the law of Pennsylvania, like that of New York, treated the property as passing under the will of the donor. In Lee v. Commissioner, 61 App. D. C. 33, 57 F. (2d) 399, the Circuit Court of Appeals of the District of Columbia reached the same conclusion, as did the Third Circuit Court of Appeals in the later case of Wear v. Commissioner, 65 F. (2d) 665. In Wear v. Commissioner, Judge Woolley said, at page 667:

"Death, with an exercise of the power in their favor, was the event that wrought the change. Then their estate, theretofore contingent upon the nonexercise of the power against them, became vested, like the interest of a beneficiary of a policy of life insurance becomes vested upon the death of the insured without exercising a reserved right to change the beneficiary, the value of which must, under the cases, be included in the gross estate of the insured for purposes of taxation. Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. The generating source of the change was the death of the donee without action adverse to them. That, too, was the generating source of the tax. And such a tax, we hold, the federal government, under its sovereign power to levy taxes, may lawfully impose upon the exercise of a power effecting such a change, to be determined by actual results thereby brought about rather than by consideration of rules which define and limit title of property, Tyler v. United States, 281 U. S. 497, 503, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, and to be measured (rather than determined) by the value of the property passing. * * *"

█ With all deference to the high authority of Judge Woolley and of the other judges of the Courts of Appeal of the Third Circuit

and the District of Columbia, we feel constrained to differ with the conclusions they reached. It is conceded that the Revenue Act would not have imposed an estate tax upon the transfer if the remainder had vested in possession without an attempted exercise of the power of appointment. Therefore it hardly seems right to say that: "The generating source of the change was the death of the donee without action adverse to them. That, too, was the .generating source of the tax." Such reasoning would require the imposition of a tax under the act even though Annie Stone had died intestate, though the statute furnishes no warrant for taxation under such circumstances. The argument of the opinion in Wear v. Commissioner is concerned mainly with the constitutional authority of the government to tax property where the source of the transfer was the death of the donee of a power "without action adverse" to persons having interests derived under the will of the donor. We need not differ with the conclusion that it might be taxed, but we think it was not taxed by an act directed only at property "passing under a general power of appointment" because there was no such property here. The appointees not only declined to take the gift, but the appointment when exercised in favor of the same persons who would take irrespective of it was "a mere form with no substance" which the law of New York that regulates the passage of title has refused to recognize. Matter of Lansing, 182 N. Y. 238, 243, 74 N. E. 882. In a tax statute especially, such a doubtful imposition involving as it does an extension of the statute to cover powers of appointment, having no effective import, should not be sanctioned. Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156.

It is argued that there was a shifting of economic benefits on the death of Annie Stone, which was the real subject of the tax, and that the taxation of insurance policies over which a decedent retains control during his life requires taxation here. Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. Likewise taxation of the interest of one of the spouses when property held by them as tenants by the entirety passes to the survivor is thought to furnish an analogy to the present situation. Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758. But in each of those cases the statute expressly covered the subject-matter sought to be taxed and the question was not one of interpretation, but of constitutional power. Here we find no warrant for holding that the interests which Ellen J. Stone and Sarah J. Grinnell took upon the death of Annie Stone passed under the power of appointment. Accordingly they did not fall within the terms of section 302 of the Revenue Act of 1926 and should not have been included in her gross estate for purposes of the estate tax.

The order of the Board of Tax Appeals is reversed.