## FIDELITY–PHILADELPHIA TRUST CO. v. UNITED STATES.

### Civil Action No. 1621.

District Court, E. D. Pennsylvania.

March 20, 1942.

James A. Moore and Clement J. Clarke, Jr., of Pepper, Bodine, Stokes & Schoch, all of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and W. O. Hammonds, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action for refund of estate tax paid by the plaintiff as executor of the estate of Lenore M. Griswold. The refund sought represents the amount of tax paid on the value of the corpus of a trust created in 1905 by the husband of Lenore M. Griswold and granting to her a life estate and a general testamentary power of appointment, with gift in default to her issue. In her will decedent exercised the power in favor of her only child, Roger W. Griswold, Jr., who was the person who would have taken the property if Lenore M. Griswold had not exercised the power.

The United States first claims that the property in question is a part of the gross estate of the decedent and subject to the estate tax within the meaning of Section 302(f) of the Revenue Act of 1926, as amended.[1] Section 302(f) reads as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *."

The United States concedes, however, that this exact question has been decided adversely to it by the Circuit Court of Appeals in this circuit in the recent case of Rothensies v. Fidelity-Philadelphia Trust Co., 112 F.2d 758. In that case the Circuit Court of Appeals, relying on Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825, held that to the extent the property passed to the same persons under the exercise of a general testamentary power, as it would if the power had not been exercised, it was not taxable as part of the estate of the donee of the power under Section 302(f). The United States has suggested no basis for distinguishing the present case from that decision of the Circuit Court of Appeals which is accordingly controlling as to the interpretation of that section of the Revenue Act.

The second contention of the United States is that the property in question is a part of the gross estate of the decedent and is subject to the estate tax under Section 302(a) of the Revenue Act of 1926, as amended. This section reads as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

"(a) To the extent of the interest therein of the decedent at the time of his death." 44 Stat. 70, c. 27, 26 U.S.C.A. Int. Rev.Code, § 811(a).

In support of this contention the United States urges that the creation of a life estate accompanied by a general power of appointment gives to the donee such a dominion over the property that he should be considered to have a taxable "interest" therein at the time of his death within the meaning of the foregoing section of the Revenue Act of 1926, as amended.

To this contention there are two answers. In United States v. Field, 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617, 18 A.L.R. 1461, the Supreme Court rejected the same contention in construing a substantially similar section of the Revenue Act of 1916. This decision was recently followed by the Circuit Court of Appeals for the Fourth Circuit in Helvering v. Safe Deposit & Trust Co. of Baltimore, 121 F.2d 307, certiorari granted 62 S.Ct. 135, 86

---

[1] 44 Stat. 70, c. 27, § 302, 48 Stat. 754, c. 277, § 404; 44 Stat. 71; c. 27, § 302 (f), 47 Stat. 279, c. 209, § 803(b), 26 U.S.C.A.Int.Rev.Code, § 811(f).

L.Ed. ——, in construing Section 302(a) of the present Act directly contrary to the contention of the United States in the case at bar.

Secondly, if it be true that Congress intended by subsection (a) of Section 302 to impose a tax upon the estate of a life tenant having a general power of appointment, whether exercised or not, subsection (f) of Section 302, imposing the tax only where such power is exercised, becomes meaningless. To adopt the defendant's contention that subsection (f) represents but a specific application of subsection (a), with which it appears to be coordinate, would be a strained effort to alter the expressed intent of Congress. It may well be that a life tenant with a general power of appointment has such substantial economic benefit and control of the property involved as to justify the imposition of an estate tax regardless of whether he exercises the power, but it is for Congress, not the courts, to declare this to be so.

Plaintiff is accordingly entitled to a refund of $5,761.83 with interest from March 26, 1936, the date of payment, and judgment may be entered in that amount.