### LEWIS v. ROTHENSIES, Collector of Internal Revenue.

#### Civil Action No. 1681.

District Court, E. D. Pennsylvania.

Sept. 1, 1942.

Richard C. Bull, of White & Staples, all of Philadelphia, Pa., for plaintiff.

---

[1] No opinion for publication.

Samuel O. Clarke, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Ruppert Bingham, and Paul R. Russell, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was brought to obtain a refund of a portion of the federal estate tax paid by plaintiff as the executor of the Estate of Algernon R. Clapp. I make the following special findings of fact:

1. B. Frank Clapp died in 1914, survived by his wife, Clara B. Clapp, and his son, Algernon R. Clapp.

2. By his will, B. Frank Clapp created a trust, half of the income of which was payable to Clara B. Clapp for life and the other half (and after the death of Clara B. Clapp, the whole thereof) to Algernon R. Clapp or his issue. The trust was to terminate upon the deaths of Clara B. Clapp and Algernon R. Clapp and upon the attainment of the age of twenty-one by all of the children of Algernon R. Clapp, when the principal was to be distributed to the children of Algernon R. Clapp per stirpes.

3. The will of B. Frank Clapp further granted to Algernon R. Clapp a power of appointment over the share of the income which he was receiving at the time of his death and over one half the principal.

4. Algernon R. Clapp died April 20, 1938, and was survived by his mother, Clara B. Clapp, his wife, Anne J. Clapp, and two daughters, sixteen and seventeen years old.

5. By his will, Algernon R. Clapp expressly exercised the power of appointment by appointing the income to his wife for life and the one half of the principal over which he had a power of appointment to a trust, the income from which should be payable to his wife for life and the principal of which should be distributed at her death to his then surviving children or their issue per stirpes.

6. The value of the interests in the portion of the B. Frank Clapp estate which Algernon R. Clapp appointed to his daughters was $112,925.08.

7. The federal estate tax which plaintiff paid as a result of the inclusion of the value of the above interests in the gross estate of Algernon R. Clapp was $19,326.-87, which sum with interest of $1,418.01 plaintiff paid to defendant on October 19, 1940.

Discussion.

The question presented by this case is whether the Commissioner of Internal Revenue was authorized by Section 302(f) or Section 302(a) of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int.Rev. Code, § 811(a, f), to include as part of the gross estate of Algernon R. Clapp, subject to the estate tax, the interests acquired by his daughters upon his death.

Section 302(f) provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property—* * *

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *."

In Rothensies v. Fidelity-Philadelphia Trust Co., 3 Cir., 112 F.2d 758, the Circuit Court of Appeals for this circuit, relying upon Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825, held that under the law of Pennsylvania, which governs the question of the devolution of title to property of a Pennsylvania decedent, a devisee to whom property is appointed under a general power of appointment takes under the will of the donor of the power rather than under that of the donee to the extent that the devisee would have acquired the property in the absence of the exercise of the power. It was pointed out that under Pennsylvania law a gift over in default of appointment is deemed a vested interest, subject to divestment by the exercise of the power. Accordingly, it was held that to the extent that the exercise of the power of appointment resulted in the acquisition of the property interests in question by the same persons who would have acquired them in default of appointment, the value of such interests should not be included in computing the gross estate of the donee of the power for federal estate tax determination.

The defendant contends, however, that this case is not controlling upon me by virtue of the recent decision of the Supreme Court of the United States in Helvering v. Safe Deposit & Trust Company of Baltimore, 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. ——, 139 A.L.R. 1513. In this case, the Supreme Court upheld the imposition of a tax under section 302(f) on the value of property received under a compromise settlement between persons

asserting a claim both as appointees under the exercise of a power by a decedent and in default of appointment, and persons contesting the validity of the will of the donee of the power and challenging the asserted right to take in default of appointment. In answer to the contention made in that case that events occurring after the taxable event should not be considered in determining taxability, the Supreme Court said, 316 U.S. 56, 62 S.Ct. at page 930, 86 L.Ed. ——, 139 A.L.R. 1513: "* * * This Court has clearly recognized, in Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825, that events subsequent to the decedent's death, events controlled by his beneficiaries, can determine the inclusion or not of certain assets within the decedent's gross estate under Section 302(f). In that case the decedent had exercised a general testamentary power of appointment, an act which under Section 302(f) brings the property subject to the power within the gross estate. The subsequent renouncement by the appointees of the right to receive by appointment and their election to take as remainderman in default of appointment were held by this Court to place the property subject to the power outside the scope of Section 302(f)."

The government argues that this analysis of the Grinnell case indicates that the decision of the Supreme Court in that case depended on the renouncement of the appointment by the appointees and their election to take under the donor's will, and that hence the Circuit Court of Appeals for this circuit was not warranted in relying on the Grinnell case in support of its decision in the Fidelity-Philadelphia Trust Company case, supra. But this statement of the effect of the Grinnell case, made for the purpose of demonstrating that events subsequent to a testator's death may bear on the taxability of property as part of his estate for federal tax purposes, does not justify the conclusion that the Circuit Court of Appeals was not warranted in the reliance it made on other aspects of that case in the Fidelity-Philadelphia Trust Company case. In no event could the doubt which the government thus seeks to throw on the correctness of the decision of the Circuit Court of Appeals for this Circuit be grounds for me to disregard the authority of that decision.

The government further argues that the substantial difference in the value and the actual probabilities of enjoyment of the property interests acquired by the daughters of Algernon R. Clapp under his exercise of the power of appointment from that which they would have acquired in the absence of appointment demonstrates that the exclusion of such interests from his gross estate disregards the actual change in economic benefits resulting from the exercise of the power. But if such change in economic benefits were the object of taxation under this section, it was for the Congress so to declare. In Rothensies v. Fidelity-Philadelphia Trust Company, supra, the law in this circuit was established that in determining what property interests of a Pennsylvania decedent pass within the meaning of this section, Pennsylvania law is controlling, and that under that law title vests by the will of the donor of a power of appointment, subject to complete or partial divestment by the exercise of that power.

Defendant's further contention that the actuarial value of the interests in question, the amount of which has been stipulated, cannot be used for present purposes because of its unsatisfactory and speculative nature, is without merit. The determination of values in matters like these "must necessarily be an approximation derived from the evaluation of elements not easily measured." Helvering v. Safe Deposit & Trust Company of Baltimore, 316 U.S. 56, 62 S.Ct. 925, 930, 86 L.Ed. ——, 139 A.L.R. 1513.

■ That the interests in question are not subject to the federal estate tax under Section 302(a) of the Revenue Act of 1926, as amended has been decided in Helvering v. Safe Deposit & Trust Company of Baltimore, supra.

The amount of the refund to which plaintiff is entitled, if successful, has been computed and stipulated. Accordingly, I make the following conclusions of law:

1. The value of the interests in the trust estate of B. Frank Clapp subject to the power of appointment of the decedent Algernon R. Clapp which remained undivested under his exercise of that power, $112,925.08 was improperly included in the gross estate of Algernon R. Clapp in determining the federal estate tax due thereon.

2. Judgment is entered for plaintiff in the amount of $20,744.88, with interest on $20,741.13 from October 19, 1940, and on $3.75 from October 21, 1940.

**3.** Pursuant to stipulation, the court hereby certifies that there was probable and reasonable cause for the act of the defendant in demanding and collecting the tax and interest for the refund of which judgment has been entered.