**MONKS v. DRISCOLL, Formerly Collector of Internal Revenue.**

**Civil Action No. 1710.**

District Court, W. D. Pennsylvania.

Jan. 19, 1943.

Wm. G. Heiner, of Pittsburgh, Pa., for plaintiff.

Elliott W. Finkel, Asst. U. S. Atty., and Chas. F. Uhl, U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action brought by the plaintiff as executor of the estate of Margaret M. Allison, deceased, to recover from defendant the sum of $7,540.66, with interest, being the portion of Federal estate taxes paid by the plaintiff, which covers the value of fifty-six shares of the Acheson Corporation, and which, by virtue of decedent's exercising by her will the power of appointment, passed to her four grandchildren.

The case was heard on stipulation of facts and affidavit filed by William G. Heiner. These facts may be summarized as follows:

Margaret M. Allison, a resident of Pennsylvania, died testate on the 20th of February, 1939. Up to the time of her death she possessed a life-estate in the income from seventy-two shares of the Acheson Corporation, and had a testamentary power of appointment over those shares. Her brother, Edward Goodrich Acheson, a resident of Florida, had established both this life-estate and · the power of appointment by a deed of trust executed in the State of New York, on July 10, 1928, whereby he assigned and transferred to the Power City Bank of Niagara Falls, New York, eighty shares of the capital stock of the Acheson Corporation, to pay the income therefrom to his sister, Margaret Acheson Allison (also known as Margaret M. Allison); and upon her death to distribute the corpus of the trust in such manner as said Margaret M. Allison should by her last will direct; or if she should fail effectually so to dispose of the corpus of the trust, then the trustee should distribute said corpus to the persons to whom and in the same manner and proportions as her personal estate would be distributed

---

[23] See Kaufman v. Eisenberg, 177 Misc. 939, 32 N.Y.S.2d 450; See Brown v. J. P. Morgan & Co., Inc., 177 Misc. 763, 31 N.Y.S.2d 815.

in case of her intestacy. She was survived by four grandchildren, who were her next of kin, and the persons to whom decedent's personal estate would have been distributed in case of her intestacy. These grandchildren were Margaret Monks Ritchie, Virginia S. Monks (now Virginia Monks Phillips), Thomas D. Allison and Mack F. Allison. In addition to her next of kin, decedent was survived by her son-in-law, F. C. Monks, the plaintiff in this case, and by two greatgrandchildren, Frederick and Larry Ritchie, the children of Margaret Monks Ritchie.

At the time of decedent's death, the corpus of the above trust consisted of seventy-two shares of the Acheson Corporation stock, and certain other assets not now in question. These seventy-two shares, subject to the above-recited general power of appointment, the decedent gave and bequeathed to the Armstrong County Trust Company, Kittanning, Pennsylvania, as trustee, to be divided into seven separate trust funds allocated as follows: Fund A, consisting of fourteen shares, to her granddaughter Margaret (now Margaret Monks Ritchie); Fund B, consisting of fourteen shares, to her son-in-law, F. C. Monks; Fund C, consisting of fourteen shares, to her granddaughter, Virginia (now Virginia Monks Phillips); Fund D, consisting of fourteen shares, to her grandson Thomas (Thomas D. Allison); Fund E, consisting of fourteen shares, to her grandson Mack (Mack F. Allison); Fund F, consisting of one share, to her greatgrandson Frederick; and Fund G, consisting of one share, to her greatgrandson Larry. The trustee was directed to pay the net income from Funds A, C, D and E to her grandchildren Margaret, Virginia, Thomas and Mack, quarterly or oftener, for a period of ten years after decedent's death; and upon the termination of such period of ten years to distribute the corpus of Funds A, C, D and E so allocated to the decedent's four grandchildren: or, in the event of the death of any of decedent's four grandchildren prior to the termination of said ten years, then to distribute the corpus of the allocated funds as such grandchild by his last will and testament should direct, and upon failure of direction, then to such grandchildren's next of kin.

In the estate-tax return filed by the plaintiff as executor on March 22, 1940, the above-mentioned seventy-two shares of Acheson Corporation were included in the gross estate subject to tax. It is the contention of plaintiff that fifty-six of these seventy-two shares of the Acheson Corporation should not have been included in the estate of decedent subject to tax, because, by the terms of the trust deed from Acheson to the Power City Bank, they would have gone to decedent's four grandchildren without the exercise of the power of appointment by decedent as to those fifty-six shares.

It is the contention of the defendant that the entire value of these seventy-two shares of stock in which the decedent, Margaret M. Allison, had an interest and over which she had exercised a power of appointment by will, should be included in her gross estate for taxation purposes.

It is our opinion that these fifty-six shares were properly included in the estate of decedent, subject to tax under the provisions of Section 811(f) of the Internal Revenue Code, U.S.C.A., Title 26, as "property passing under a general power of appointment exercised by the decedent (1) by will * * *."

Counsel for plaintiff rely on Rothensies v. Fidelity-Philadelphia Trust Co., 3 Cir., 112 F.2d 758, as sustaining their contention that these fifty-six shares of the Acheson Corporation stock passed to the grandchildren of decedent, not by the power of appointment exercised by her will, but by virtue of the deed of trust from Acheson to Power City Bank.

With this contention we cannot agree. The situations in the two cases are different. In Rothensies v. Fidelity-Philadelphia Trust Co., supra, 112 F.2d page 763, it was held that under the property law of Pennsylvania, "a devisee over under a donor's will in default of appointment who is also an appointee under the donee's will in the exercise of the power takes from the will of the donor and not from the donee." In the instant case we have a different situation. Here the grandchildren of decedent take nothing under the Acheson deed of trust, because decedent by her will fixed the amount that they were to receive. If they had elected to take against the will of decedent, they would have taken nothing at all under the deed of trust, for they had no title to the stock by the terms of the deed, if the decedent died testate.

The case of Helvering v. Grinnell, 294 U.S. 153, 55 S.Ct. 354, 79 L.Ed. 825, relied upon by plaintiff, does not support his

contention in the instant case, because in that case the appointees renounced taking under the donee's will the same interest they would have taken under donor's will, had the power of appointment not been exercised. In the instant case there is no will by a donor, and the deed of trust expressly gave the decedent the right to dispose of the stock as she desired. She was under no obligation to give the grandchildren anything. Had she failed to make any provision for them at all, they would have taken nothing under the Acheson deed of trust.

In the recent case of Helvering v. Safe Deposit Company, 316 U.S. 56, 62 S.Ct. 925, 930, 86 L.Ed. 1266, 139 A.L.R. 1513, decided April 13, 1942, commenting on Helvering v. Grinnell, supra, the Supreme Court stated: "The subsequent renouncement by the appointees of the right to receive by appointment and their election to take as remaindermen in default of appointment were held by this Court to place the property subject to the power outside the scope of Section 302(f) [26 U.S.C.A. Int.Rev.Acts, page 230]." We have no such situation in the instant case, in which the appointees, if they take at all, must take under the power of appointment.

Judgment will be entered for defendant. An order may be submitted accordingly on notice to opposing counsel.